UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

KATRINA BERGUNDER,

    Plaintiff,                              DEMAND FOR JURY TRIAL

-vs-                                         Case No.
                                             Hon.

JPMORGAN CHASE BANK, NA,

    Defendant.

## COMPLAINT & JURY DEMAND

### Jurisdiction

1. This Court has federal question jurisdiction as this case is brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

2. This Court may take supplemental jurisdiction over any state law or common law claims set forth herein as all the claims in this lawsuit arise out of a common nucleus of operative fact.

### Venue

3. The transactions and occurrences which give rise to this action occurred in Oakland County.

4. Venue is proper in the Eastern District of Michigan.

1

## Parties

5. Katrina Bergunder resides in Oak Park, Michigan.

6. Katrina Bergunder is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

7. The Defendant to this action is JPMorgan Chase Bank, NA ("JPMCBNA"), a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## General Factual Allegations

8. JPMCBNA sued Katrina Bergunder an attempt to collect an alleged debt in State of Michigan 45th District Court Case Number 22-00061-GC before the Honorable Michelle Friedman Appel ("state court lawsuit").

9. JPMCBNA's state court lawsuit was dismissed with prejudice on February 21, 2023.

10. A dismissal with prejudice amounts to an adjudication on the merits and bars a further action based on the same facts. *Grimmer v Lee*, 310 Mich.App. 95, 102; 872 N.W.2d 725, 729 (2015); as such, whether the Plaintiff ever owed the alleged debt was determined by the Court.

11. Plaintiff discovered false information on one or more of her consumer reports being reported by JPMCBNA ("JPMCBNA false information"); specifically, JPMCBNA was reporting a debt which, as a matter of law, the Plaintiff did not owe.

12. Ms. Bergunder disputed the JPMCBNA false information by transmitting actual notice of her dispute along with an adequate description and explanation to each of the major credit reporting agencies.

13. Ms. Bergunder requested that the credit reporting agencies reinvestigate and correct the JPMCBNA false information as envisioned by 15 U.S.C. § 1681i.

14. Ms. Bergunder's request for reinvestigation included sufficient information to provide actual notice that the JPMCBNA false information was inaccurate and the source of information was not reliable.

15. One or more credit reporting agencies responded to this dispute from Ms. Bergunder by requesting verification of the JPMCBNA false information from JPMCBNA.

16. JPMCBNA responded to the reinvestigation request by verifying the JPMCBNA false information.

17. JPMCBNA failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

18. As a result of JPMCBNA's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

## COUNT I – Fair Credit Reporting Act (JPMCBNA)

19. Ms. Bergunder incorporates the preceding allegations by reference.

20. JPMCBNA was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Ms. Bergunder through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

21. In the event that JPMCBNA was unable to verify the information which it had reported after a reasonable reinvestigation, JPMCBNA was required to advise the credit reporting agency of this fact.

22. JPMCBNA did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the JPMCBNA false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

23. JPMCBNA did not conduct a reasonable reinvestigation, and continued to report the JPMCBNA false information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

24. Following dispatch of notice directly to JPMCBNA, JPMCBNA reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

25. Following the dispatch of direct notice to JPMCBNA, JPMCBNA failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

26. JPMCBNA willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Ms. Bergunder's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

27. In the alternative, JPMCBNA negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

28. JPMCBNA willfully refused to properly reinvestigate the inaccuracies in Ms. Bergunder's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

29. In the alternative, JPMCBNA negligently failed to conduct a proper reinvestigation of Ms. Bergunder's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

30. Ms. Bergunder has suffered damages as a result of these violations of the FCRA.

## **COUNT II – Intentional Infliction of Emotional Distress**

### **(JPMCBNA)**

31. Plaintiff incorporates the preceding allegations by reference.

32. JPMCBNA's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

33. JPMCBNA intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

34. JPMCBNA's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

35. Plaintiff has suffered damages as a result of the conduct of JPMCBNA.

## **COUNT III – Negligence**

### **(JPMCBNA)**

36. Plaintiff incorporates the preceding allegations by reference.

37. JPMCBNA owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

38. JPMCBNA's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

39. Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by JPMCBNA.

## COUNT IV– Negligence *Per Se*

### (JPMCBNA)

40. Plaintiff incorporates the preceding allegations by reference.

41. JPMCBNA's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

42. Those unreasonable actions were *per* se unreasonable.

43. Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by JPMCBNA.

## COUNT IV – Defamation by Libel

### (JPMCBNA)

44. Plaintiff incorporates the preceding allegations by reference.

45. JPMCBNA's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

46. JPMCBNA's publications were not privileged communications.

47. JPMCBNA's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

48. The statements were *per se* defamatory.

49. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

50. Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT V – Malicious Statutory Libel

## (JPMCBNA)

51. Plaintiff incorporates the preceding allegations by reference.

52. The inaccurate credit information was published with malice or ill-will.

53. Plaintiff has suffered damages as a result of this malicious libel by JPMCBNA in violation of M.C.L. § 600.2911.

54. Plaintiff is entitled to actual and punitive damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## Demand for Jury Trial

55. Plaintiff demands trial by jury in this action.

## Demand For Judgment for Relief

*ACCORDINGLY, Plaintiff requests that this Court:*

a.   *Assume jurisdiction over all claims;.*

b.   *Award actual damages.*

c.   *Award statutory damages.*

d.   *Award punitive damages.*

e.   *Award statutory costs and attorney fees.*

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By: /s/ Adam G. Taub
     Adam G. Taub (P48703)
     Attorney for Katrina Bergunder
     17200 West 10 Mile Rd. Suite 200
     Southfield, MI 48075
     Phone: (248) 746-3790
     Email: adamgtaub@clgplc.net

Dated: November 14, 2023