IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA BERGUNDER,
    Plaintiff,

v

JPMORGAN CHASE BANK, N.A.,
    Defendant.

Case No. 2:23-CV-12886
Hon. Sean F. Cox

---

Katrina Bergunder
24674 Republic Ave
Oak Park, MI 48237
(773) 853-7085
Bergunki@msn.com

*In Pro Per*

Aimee R. Gibbs (P70522)
Davina A. Bridges (P85597)
DICKINSON WRIGHT PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734)-623-1653
agibbs@dickinsonwright.com
dbridges@dickinsonwright.com

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

---

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S
COMPLAINT FOR INTERPLEADER**

Defendant JPMorgan Chase Bank, N.A., ("Chase"), by and through its counsel Dickinson Wright PLLC, states a follows for its Complaint for Interpleader:

**Parties, Jurisdiction, and Venue**

1

1. Upon information and belief, Katrina Bergunder ("Plaintiff") is an individual who resides in Oak Park, Michigan.

2. Chase is a National Association with its main office located in Columbus, Ohio.

3. In this action for interpleader, Chase seeks to interplead settlement proceeds due to conflicting claims by Plaintiff and her former counsel, Adam Taub ("Attorney Taub").

4. Chase brings its Complaint for Interpleader under Fed. R. Civ. P. 22(2).

5. Jurisdiction is proper pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1397.

6. Venue in this action is properly laid in the Eastern District of Michigan, pursuant to 28 U.S.C. § 1391(b).

## **Dispute Giving Rise to Interpleader Claim**

7. On February 14, 2024, the Parties agreed upon the material terms of a settlement to resolve the pending action.

8. On February, 27, 2024, the material terms of the Parties' settlement were embodied in a confidential written settlement agreement and release (the "Settlement Agreement").

2

9. On April 8, 2024, Plaintiff's former counsel, Adam Taub, withdrew from representing Plaintiff due to a breakdown in the attorney-client relationship (ECF Nos. 7, 9).

10. Subsequently, Plaintiff refused to sign the Settlement Agreement.

11. Attorney Taub, on multiple occasions, informed Chase's counsel that he maintains a lien on the settlement proceeds, and that he would pursue legal action against Chase if it were to release the funds to Plaintiff. (**Exhibits A**, April 29, 2024, May 3, 2024, and May 20, 2024 Emails).

12. Plaintiff claims entitlement to the settlement proceeds under the Settlement Agreement.

13. Attorney Taub claims entitlement to the settlement proceeds by virtue of an attorney's lien. *Id.*

14. Due to this unresolved conflict, Chase now seeks to interplead the settlement proceeds to this Court.

## **Claim for Interpleader**

15. Chase admits that it has no claim on the current value of the settlement proceeds, and Chase is willing to pay these amounts to such a person or persons as may be lawfully entitled to the proceeds.

16. Exposed to the possibility of multiple liability from adverse claims against the settlement proceeds, Chase is unable to safely pay the proceeds to Plaintiff, Attorney Taub, or any other party.

17. Chase hereby offers to deposit the settlement proceeds with this Court or in such other place or account as this Court may direct.

18. Chase has not brought this Complaint for Interpleader at the request of any of the claimants; there is no fraud or collusion between Chase and any of the claimants; Chase has not been indemnified by any of the claimants with respect to the matters involved in this case; and Chase brings this Complaint for Interpleader of its free will as to avoid being vexed by conflicting and multiple claims.

19. Chase brings this claim so that this Court may declare the rights and legal relations of Chase with respect to the settlement proceeds presently payable under the Settlement Agreement, and requests the relief described below.

20. Chase's Motion to file the settlement agreement under seal and Motion to Strike Plaintiff's Amended Complaint and for Entry of an Order to Enforce Settlement are being filed contemporaneously with this Complaint for Interpleader and are incorporated herein by reference.

WHEREFORE, Chase respectfully requests:

  a) That Chase be permitted to pay over to the Clerk of the Court the current value of the settlement proceeds, and less Chase's reasonable costs and attorney's fees.

  b) That this Court determine to whom the settlement proceeds, and less Chase's reasonable costs and attorney's fees, under the Settlement Agreement is due and owing.

  c) That upon the payment of the settlement proceeds into the Court, or to such person or persons as the Court shall direct, Chase be discharged of any and all liability to Plaintiff and Attorney Taub, including the claims brought against Chase by Plaintiff, and to such other persons as may appear to have an interest herein, and who may be subsequently appearing as parties to this cause, and to all other persons whatsoever from any and all claims under or by virtue of the Settlement Agreement.

  d) That Plaintiff and Attorney Taub and such other persons as may appear to have an interest herein and who may subsequently appear as parties in this cause, and their solicitors, counselors, attorneys and agents, upon determination by this Court of the matters herein contained, remain enjoined and restrained by the Order of this Court from instituting and prosecuting any action in any court in any city to recover the settlement proceeds under the Settlement Agreement or proceeding on account of any right arising out of the Settlement Agreement.

e) That Chase be awarded its reasonable attorneys' fees and costs incident in bringing this Complaint for Interpleader which it was compelled to institute through no fault of its own.

f) That Chase be awarded such other relief as this Court deems just and proper.

Dated: June 12, 202

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: /s/ *Davina A. Bridges*
Aimee R. Gibbs (P70522)
Davina A. Bridges (P85597)
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 623-1653
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2024, the foregoing was electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

By: /s/ *Davina A. Bridges*
Aimee R. Gibbs (P70522)
Davina A. Bridges (P85597)
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 623-1653
*Attorneys for Defendant*

4861-0006-9062 v2 [9-649]