## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Katrina Bergunder,
Plaintiff,                                              Case No. 23-12886
v.                                                      Hon. Sean F. Cox
JPMorgan Chase Bank, N.A.,
Defendant.

| | |
|---|---|
| Katrina Bergunder | Aimee R. Gibbs (P70522) |
| 24674 Republic Ave | Davina A. Bridges (P85597) |
| Oak Park, MI 48237 | DICKINSON WRIGHT PLLC |
| (773) 853-7085 | 350 S. Main Street, Suite 300 |
| Bergunki@msn.com | Ann Arbor, MI 48104 |
| *Pro Per* | (734)-623-1653 |
| | agibbs@dickinsonwright.com |
| | dbridges@dickinsonwright.com |
| | |
| | *Attorneys for Defendant JPMorgan* |
| | *Chase Bank, N.A* |

## <u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

Plaintiff, Katrina Bergunder, respectfully moves this Court for an order granting summary

judgment in her favor pursuant to Federal Rule of Civil Procedure 56. This case involves

violations of the Fair Credit Reporting Act ("FCRA") by Defendant, JPMorgan Chase Bank,

N.A. ("Chase"). Despite a dismissal with prejudice in a related state court action that determined

the validity and amount of the alleged debt and Plaintiff's liability of it, Chase continued to

report the debt inaccurately and incompletely, resulting in harm to Plaintiff. There is no genuine

dispute as to any material fact, and Plaintiff is entitled to judgment as a matter of law.


**<u>Concurrence</u>**: On August 28, 2024 at 1123, I attempted to obtain concurrence on my Motion for

Summary Judgment by emailing both Miss Davina Bridges at dbridges@dickinson-wright.com

and Miss Aimee Gibbs at agibbs@dickinsonwright.com, but I have not received any response

from either party. While there have been several technical difficulties delaying this motion, but I still have not had a response from opposing counsel.

**Respectfully submitted,**

**By: */s/ Katrina Bergunder***

Katrina Bergunder

Pro Se

24674 Republic Ave

Oak Park, MI 48237

Email: bergunki@msn.com

Phone: 773-853-7085

Dated: September 2, 2024

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Katrina Bergunder,
Plaintiff,                                                    Case No. 23-12886
v.                                                           Hon. Sean F. Cox
JPMorgan Chase Bank, N.A.,
Defendant.

| | |
|---|---|
| Katrina Bergunder | Aimee R. Gibbs (P70522) |
| 24674 Republic Ave | Davina A. Bridges (P85597) |
| Oak Park, MI 48237 | DICKINSON WRIGHT PLLC |
| (773) 853-7085 | 350 S. Main Street, Suite 300 |
| Bergunki@msn.com | Ann Arbor, MI 48104 |
| *Pro Per* | (734)-623-1653 |
| | agibbs@dickinsonwright.com |
| | dbridges@dickinsonwright.com |
| | |
| | *Attorneys for Defendant JPMorgan* |
| | *Chase Bank, N.A* |

## PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### Table of Contents

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ............................................. 1

**Table of Contents** ............................................................................................ 3

**TABLE OF AUTHORITIES** ............................................................................. 5

**STATEMENT OF QUESTIONS PRESENTED** ................................................. 6

**MOST APPRORIATE AUTHORITIES** ........................................................... 7

Brief In Support of Motion for Summary Judgement ........................................ 8

    Introduction ................................................................................................... 8

    Legal Standard .............................................................................................. 8

    Background .................................................................................................... 8

    Argument ..................................................................................................... 11

        1.   Preclusive Effect of the State Court Judgment ........................... 11

        2.   Chase's Defenses Fail: ................................................................ 11

        3.   Unreasonable Investigations ....................................................... 16

        4.   Willful Noncompliance ............................................................... 17

5.   FCRA Violations ............................................................................ 17

6.   Entitlement to Judgment ................................................................ 17

Conclusion .................................................................................................. 17

**Index of Appendix and Exhibits** ................................................................ 20

**Statement of Undisputed Facts** ................................................................ 23

**Certificate of Service** .................................................................................. 28

Appendix A .................................................................................................. 29

Exhibit A ...................................................................................................... 35

Exhibit B ...................................................................................................... 40

Exhibit C ...................................................................................................... 42

Exhibit D ...................................................................................................... 47

Exhibit E ...................................................................................................... 49

Exhibit F ...................................................................................................... 53

Exhibit G ...................................................................................................... 55

Exhibit H ...................................................................................................... 57

Exhibit I ........................................................................................................ 59

Exhibit J ....................................................................................................... 61

Exhibit K ...................................................................................................... 67

Exhibit L ...................................................................................................... 69

Exhibit M ...................................................................................................... 72

Exhibit N ...................................................................................................... 75

Exhibit O ...................................................................................................... 77

Exhibit P ...................................................................................................... 86

Exhibit Q ...................................................................................................... 89

Exhibit R ...................................................................................................... 96

Exhibit S ...................................................................................................... 98

Exhibit T .................................................................................................... 104

Exhibit U .................................................................................................... 110

Exhibit V .................................................................................................... 116

Exhibit W ................................................................................................... 122

Exhibit X .................................................................................................... 125

Exhibit Y .................................................................................................... 127

Exhibit Z .................................................................................................................. 129

Exhibit AA .............................................................................................................. 136

Exhibit BB .............................................................................................................. 143

Exhibit CC .............................................................................................................. 163

Exhibit DD .............................................................................................................. 165

Exhibit EE ............................................................................................................... 168

Exhibit FF ............................................................................................................... 171

Exhibit GG .............................................................................................................. 186

Exhibit HH .............................................................................................................. 189

Exhibit II ................................................................................................................. 192

Exhibit JJ ................................................................................................................. 233

Exhibit KK .............................................................................................................. 321

Exhibit LL ............................................................................................................... 327

Exhibit MM ............................................................................................................. 332

Exhibit NN .............................................................................................................. 388

Exhibit OO .............................................................................................................. 438

## <u>TABLE OF AUTHORITIES</u>

Cases

- *Grimmer v. Lee*, 310 Mich. App. 95, 872 N.W.2d 725 (Mich. Ct. App. 2015)

- *JPMorgan Chase Bank, N.A. v. Bergunder*, No. 22-00061GC, 45th Dist. Ct. Mich., Feb. 21, 2023.

- *In the Matter of Chase Bank, USA, N.A., and Chase BankCard Services, Inc.*, Consent Order, File No. 2015-CFPB-0013 (July 8, 2015)

Statutes

- Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

- 15 U.S.C. § 1681a(f)

- 15 U.S.C. § 1681s-2(a)

- 15 U.S.C. § 1681s-2(b)

- 15 U.S.C. § 1681n(a)(1)(A)

- 12 C.F.R. § 1022.43

- 12 C.F.R. § 1022.41(a)

Other Authorities

- Consumer Financial Protection Bureau, Administrative Proceeding, *In the Matter of Chase Bank, USA, N.A., and Chase BankCard Services, Inc.*, Consent Order, File No. 2015-CFPB-0013 (July 8, 2015)

- *Black's Law Dictionary* (11th ed. 2019)

- Consumer Financial Protection Bureau, Annual Report of Credit and Consumer Reporting Complaints (Jan. 2022)

- Patrick Rucker, *A Return to Robo-Signing: JPMorgan Chase Has Unleashed a Lawsuit Blitz on Credit Card Customers*, The Capitol Forum (Jan. 5, 2022)

- Press Release, Consumer Financial Protection Bureau, CFPB, 47 States, and D.C. Take Action Against JPMorgan Chase for Selling Bad Credit Card Debt and Robo-Signing Court Documents (July 8, 2015)


## STATEMENT OF QUESTIONS PRESENTED

1. Whether the state court's dismissal with prejudice is an adjudication on the merits? Plaintiff says yes.

2. Whether the state court's dismissal with prejudice of a collection lawsuit against Plaintiff bars Defendant from continuing to report the alleged debt under the Fair Credit Reporting Act (FCRA)?

Plaintiff says yes.

3. Whether Defendant JPMorgan Chase Bank, N.A.'s continued reporting of the alleged
   debt, despite the dismissal with prejudice, constitutes a violation of the FCRA and
   warrants summary judgment in favor of Plaintiff?

   Plaintiff says yes.

4. Whether Plaintiff is entitled to damages for each violation of the FCRA due to
   Defendant's willful noncompliance with the Act's requirements for accurate and complete
   credit reporting?

   Plaintiff says yes.

## **MOST APPRORIATE AUTHORITIES**

- Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

- *Grimmer v. Lee*, 310 Mich. App. 95, 872 N.W.2d 725 (Mich. Ct. App. 2015)

- *In the Matter of Chase Bank*, USA, N.A., and Chase BankCard Services, Inc., Consent
  Order, File No. 2015-CFPB-0013 (July 8, 2015)

- 15 U.S.C. § 1681n(a)(1)(A)

- Black's Law Dictionary (11th ed. 2019)

Brief In Support of Motion for Summary Judgement

**Introduction**

Plaintiff, Katrina Bergunder, respectfully moves this Court for an order granting summary judgment in her favor pursuant to Federal Rule of Civil Procedure 56. This case involves violations of the Fair Credit Reporting Act ("FCRA") by Defendant, JPMorgan Chase Bank, N.A. ("Chase"). Despite a dismissal with prejudice in a related state court action that determined the validity and amount of the alleged debt and Plaintiff's liability of it, Chase continued to report the debt inaccurately and incompletely, resulting in harm to Plaintiff. There is no genuine dispute as to any material fact, and Plaintiff is entitled to judgment as a matter of law.

**Legal Standard**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In this case, the undisputed facts demonstrate that Chase willfully violated the FCRA by continuing to report inaccurate and incomplete information about Plaintiff's alleged debt after the state court had dismissed the underlying case with prejudice on the merits.

**Background**

The Fair Credit Reporting Act (FCRA) was established by Congress to safeguard consumers from improper credit reporting practices while also ensuring that the credit system maintains the level of accuracy necessary for the banking system to effectively distribute credit (15 U.S.C. § 1681). The FCRA distinguishes between "consumer reporting agencies"—entities that compile credit reports (e.g., Equifax, Experian, and TransUnion)—and "furnishers," which are individuals or organizations that provide consumer information to these agencies (15 U.S.C. §§ 1681a(f),

8

1681s-2(a)). Furnishers can include creditors such as banks and landlords, as well as third-party debt collectors.

Under the FCRA, furnishers are obligated not to report consumer information to a credit reporting agency if they "know or have reasonable cause to believe" the information is inaccurate (15 U.S.C. § 1681s-2(a)(1)(A)). If a furnisher discovers that the information it has provided is incorrect, it must inform the credit reporting agency and cease reporting the erroneous information (15 U.S.C. § 1681s-2(a)(2)).

Consumers have the right to challenge the accuracy of the information in their credit reports through two methods: by disputing the information directly with the furnisher or by submitting a dispute to the credit reporting agency, which then forwards the dispute to the furnisher (15 U.S.C. § 1681s-2(a)(8); 12 C.F.R. § 1022.43; 15 U.S.C. § 1681i(a)(2)).

When a dispute is received, the furnisher is required to conduct a "reasonable investigation" into the accuracy of the disputed information (15 U.S.C. § 1681s-2(b)). Following the investigation, the furnisher must take one of three actions: confirm the information is accurate, determine the information is incorrect or incomplete, or conclude that the information cannot be verified (15 U.S.C. § 1681s-2(b)(1)(D)-(E)). If the information is found to be inaccurate or unverifiable, the furnisher must either correct or remove it from the credit report (15 U.S.C. § 1681s-2(b)(1)(E)).

**<u>State Court Decision</u>**: On the date set for trial of February 21, 2023, the 45th District Court of Michigan located at 13600 Oak Park Blvd, Oak Park, MI 48237 dismissed with prejudice a collection lawsuit, CASE NO: 22-00061GC, brought by Chase against Plaintiff, Katrina Bergunder (*JPMorgan Chase Bank, N.A. v. Bergunder*, No. 22-00061GC, 45th Dist. Ct. Mich., Feb. 21, 2023.) (Exhibit A-K). This dismissal with prejudice serves as an adjudication on the merits, resolving the validity, any alleged liability, and amount of the alleged debt.

**Continued Reporting**: Despite the state court's dismissal with prejudice, Chase continues to report the alleged debt as owed, accurate and complete.

**Disputes and Reinvestigations:** Plaintiff sent disputes and reinvestigations to the major credit reporting agencies (Experian, Equifax, and TransUnion) regarding the inaccurate reporting by Chase.  Plaintiff sent reinvestigations by USPS Certified Mail.

**Results of Disputes and Reinvestigations**: Chase verified this false, inaccurate, and incomplete information in the 3 initial disputes and 2 of the reinvestigations (the tradeline was deleted by Transunion in the reinvestigation). In response to the disputes filed by Plaintiff, Chase added an additional 22 months as in default with Experian, Equifax, and TransUnion (Exhibits L – R) and an additional month on the unsuccessful reinvestigations.

**Direct Dispute:** Plaintiff sent two letters by USPS Certified Mail directly to Chase disputing the reporting while providing a copy of the Dismissal with Prejudice order. Despite this, Chase persisted in its inaccurately and incompletely reporting the alleged debt.

**Multiple Attempts to Resolve Before Requesting Court Intervention**: Plaintiff sent a total of 8 communications to rectify the issue, which they did not.

**Current:** As a result of Chase's continued inaccurate and incomplete reporting, which has negatively impacted Plaintiff, Plaintiff filed this FCRA lawsuit against Chase.

**Pattern of Abusive Practices** :  In 2015, the Consumer Financial Protection Bureau (CFPB), along with 47 states, including Michigan, took legal action against Chase, imposing penalties for practices related to the sale of inaccurate, discharged, and uncollectible debts (Exhibits KK, LL, **NN**). The CFPB's investigation found that Chase engaged in certain practices, including pursuing legal actions with unverified or insufficient documentation.

**Argument**

1. **Preclusive Effect of the State Court Judgment**: The state court's dismissal with prejudice legally bars Chase from continuing to report the alleged debt. Under Michigan law and supported by *Grimmer v. Lee*, 310 Mich. App. 95, 872 N.W.2d 725 (Mich. Ct. App. 2015) (Exhibit OO), a dismissal with prejudice operates as an adjudication on the merits, preventing further litigation of the same issues and absolving any alleged legal liability. By continuing to report the debt as unpaid, Chase violated the FCRA's requirements for accurate and complete reporting as well as reasonable reinvestigation (15 U.S.C. § 1681et esq).

2. **Chase's Defenses Fail:**

   A. **Chase Acknowledges The Inaccuracies:** In the **Joint Status Report at 3**, *Bergunder v. JPMorgan Chase Bank, N.A.*, No. 2:23-CV-12886-BAF-EAS, ECF No. 4 (E.D. Mich. Jan. 17, 2024). (Appendix A), Chase acknowledges Plaintiff has no liability to them over the alleged debt in stating "[the dismissal with prejudice] did not speak to whether Plaintiff owed the money or not; rather, it just barred collection of same via litigation."

       - Fair Credit Reporting Act (FCRA) requires furnisher's, which in this case is Chase, to, amongst other requirements, provide complete and accuracy in their reporting and with an emphasis when upon dispute.

       - **Accuracy Defined:** The definition of accuracy, as found in Regulation V, the implementing regulation of FCRA, 12 CFR 1022.41(a):

"(a) *Accuracy* means that information that a furnisher provides to a consumer reporting

agency about an account or other relationship with the consumer correctly:

(1) Reflects the terms of and liability for the account or other relationship;

(2) Reflects the consumer's performance and other conduct with respect to the account or

other relationship; and

(3) Identifies the appropriate consumer."

**- Liability Defined**: According to **Black's Law Dictionary** (11th ed. 2019),

definition of "liability.",:

Liability: The state of being legally responsible for something, especially a debt or

obligation.

By Black's definition and Chase's own admissions, Plaintiff has no liability to the alleged

debt as she is not "legally responsible" for it due to the dismissal with prejudice which

"barred collection of same via litigation." Therefore, Chase's continuing to report, assert

in disputes, and reassert in reinvestigations of the alleged debt violated the FCRA and 12

CFR 1022.41(a)(1) which requires that a credit reporting be complete and accurate,

which specifically "reflects the terms and liability for the account".

B. **Chase Disregards and Undermines the Judicial System, Its Servants, and Those**

**They Sue**: In several communications from Plaintiff, Chase was provided the dismissal

with prejudice order and the Register of Actions, clearly showing that a full case and

trial had occurred, resulting in a final judgment on the merits. Despite this, in the Joint

Status Report at 3, *Bergunder v. JPMorgan Chase Bank, N.A.*, No. 2:23-CV-12886-

BAF-EAS, ECF No. 4 (E.D. Mich. Jan. 17, 2024) (Appendix A), Chase equated the

dismissal with prejudice to "an unpaid or unsatisfied debt following the expiration of a statute of limitations."

If Chase wanted the debt treated as an unpaid or unsatisfied debt post-statute of limitations, they should not have pursued a court ruling in the first place. This statement by Chase is a blatant acknowledgment that they not only disregard the judicial process but also undermine and disrespect the orders of the court, the dedication and integrity of those who serve it, and the considerable sacrifices—such as lost income, missed work, and immense stress—endured by those they sue.

C. **Value of An Account that is "barred collection …via litigation":** If a debt cannot be collected via litigation, what value can it have? While a debt "barred collection… via litigation" should hold no value, creditors often exploit legal loopholes and consumer vulnerabilities to extract value through coercive and deceptive practices:

-   If you look at Consumer Financial Protection Bureau's January 2022 *Annual Report of Credit and Consumer Reporting Complaints* (**Consumer Financial Protection Bureau,** *Annual Report of Credit and Consumer Reporting Complaints* (Jan. 2022).) (Exhibit MM), "Consumers described the burden associated with attempting to correct inaccurate information, which can be compounded when they are managing other personal issues. … Consumers described being exasperated by the dispute process and some <u>consumers described paying bills they did not think they owed</u> because of concerns about the effect of the debt on their credit report and credit score." This creates a coercive environment where consumers are forced to pay debts they do not legally owe simply to avoid further harm to their credit and financial well-

being. In these instances, inaccurate reporting is used to beat down and blackmail consumers in the hopes they will simply pay rather than continue to fight the inaccurate information.

-   In the **Consent Order** issued by the Consumer Financial Protection Bureau (CFPB) *in the matter of Chase Bank, USA, N.A., and Chase BankCard Services, Inc.* (File No. 2015-CFPB-0013) (Exhibit NN), the CFPB found that Chase engaged in several abusive debt collection practicing including the practice of selling certain consumer credit card debts that were inaccurate, discharged, settled, or otherwise uncollectible (Consumer Financial Protection Bureau, *Administrative Proceeding, In the Matter of Chase Bank, USA, N.A., and Chase BankCard Services, Inc., Consent Order*, File No. 2015-CFPB-0013 (July 8, 2015).) (Exhibit NN). Despite these debts being legally unenforceable, Chase sold them to third-party debt buyers who then attempted to collect on these invalid debts. This practice not only violated consumer protection laws but also caused significant harm to consumers, as they were pursued for debts they did not owe, and in some cases, faced legal judgments based on inaccurate or fraudulent information.

This CFPB finding is particularly relevant in the present case, where Chase continues to assert that a debt is owed despite a dismissal with prejudice by a state court. The dismissal should legally bar any further collection efforts on this debt. However, Chase's historical practices, as outlined by the CFPB, demonstrate a pattern of ignoring legal finality to continue profiting from such debts. Chase's ongoing reporting and thus collection activities, despite the

clear legal bar imposed by the state court's dismissal with prejudice, are consistent with the CFPB's findings of unfair and deceptive practices, further supporting the need for summary judgment in favor of the plaintiff.

- When a debt is barred from collection via litigation, such as through a dismissal with prejudice, its traditional value—represented by the outstanding balance—should be nullified in accordance with the court's order. However, the creditor may still perceive value in the debt, not in its direct recovery, but in leveraging the legal process to extract other concessions from the consumer in settlement. This value shifts from the actual debt to the potential to coerce the consumer into overreaching settlement agreements.

Creditors, like Chase, might possibly exploit the consumer's ongoing involvement in the legal process by pressuring them into settlements that include one-sided, onerous, and overreaching clauses. These settlement agreements could often aim to silence consumers, compelling them to relinquish their rights to dispute or discuss the matter further, and to avoid any future legal recourse. The creditor's goal is to extract from the consumer a "settlement value" far exceeding the actual worth of the unenforceable debt. This approach is particularly egregious because it not only circumvents the court's ruling but also undermines the consumer's legal rights. Instead of respecting the law and finality of the dismissal with prejudice, creditors may use the consumer's desire to fully resolve the matter as leverage, effectively holding the consumer hostage to an unenforceable debt.

The value of the debt, in this context, is not in its collection but in the potential to impose silence and rescind consumers' rights through coercive legal maneuvers.

Such practices may possibly illustrate the creditor's ongoing disregard for legal judgments and the consumer protection principles that underpin them. It possibly is an attempt to perpetuate the influence of an alleged debt that should no longer hold any legal or financial weight, transforming a barred debt into a tool for silencing and exploiting consumers. These overreaching settlement clauses could possibly not only coerce consumers into unfair agreements but also contribute to a broader erosion of consumer rights, as they are pressured to give up legal protections and silence their grievances in exchange for resolving a debt they do not owe.

These practices could possible not only undermine individual consumer rights but also erode the integrity of the legal system, allowing creditors to circumvent laws, judicial rulings, and continue profiting from alleged debts that should hold no legal or financial value.

3. **Unreasonable Investigations:** Multiple times, Plaintiff identified inaccurate or incomplete information that Chase provided to the reporting agencies. While providing some facts and evidence, Chase could have uncovered and establish that the reported information was, in fact, inaccurate or incomplete. Given the ample evidence provided, Chase's conclusion that Plaintiff was liable proves that Chase's investigation was inadequate.

4. **Willful Noncompliance**: Chase consciously avoids knowing that the information is inaccurate by continuing to inaccurately report the alleged debt, despite being provided with sufficient evidence, including the dismissal with prejudice order and the Register of Actions. This willful noncompliant conduct is further evidenced by Chase's disregard of eight separate communications from the Plaintiff disputing the accuracy of the reporting.

5. **FCRA Violations:** Chase's actions resulted in multiple violations of the FCRA, and 7 failed investigations, as supported by the Affidavit of Katrina Bergunder (Exhibit A):

    A. 69 violations for the initial disputes, including each month of alleged default and the overall assertion of accuracy across three credit bureaus.

    B. 48 violations for reinvestigations with Experian and Equifax, again including each month of alleged default.

    C. 2 violations for failing to respond adequately to the Plaintiff's direct letters.

6. **Entitlement to Judgment:** Given the undisputed facts and Chase's repeated violations of the FCRA, Plaintiff is entitled to summary judgment.

**Conclusion**

For the reasons stated above and attached, Plaintiff, Katrina Bergunder, respectfully requests that this Court grant her Motion for Summary Judgment. The undisputed facts demonstrate that JPMorgan Chase Bank, N.A. willfully and repeatedly violated the Fair Credit Reporting Act (FCRA) by inadequate investigations resulting in inaccurately and incompletely reporting the status of a debt that was already dismissed with prejudice on the merits by the 45th District Court of Michigan. Despite being provided with evidence of this dismissal, Chase persisted in its

erroneous reporting, causing significant harm to Plaintiff's creditworthiness, financial stability, and emotional well-being (Exhibit A).

Chase's conduct reflects not only a blatant disregard for the finality of the state court's judgment but also a willful noncompliance with its obligations under the FCRA to report information accurately and to conduct reasonable investigations upon receiving disputes. Moreover, this case exemplifies Chase's broader pattern of abusive practices, as documented by the Consumer Financial Protection Bureau (CFPB) and others, which further underscores the severity of their actions in this case.

Given the extensive and continued violations of the FCRA, and the harm caused to Plaintiff, this Court should take decisive action to hold Chase accountable for its misconduct. Specifically, Plaintiff requests the following relief:

1. **Judgment in favor of Plaintiff** on all counts, including a finding that Chase willfully violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

2. **Statutory damages** for each of the 119 violations of the FCRA and 7 failed investigations, as outlined in Plaintiff's affidavit (Exhibit A), including:

   o 69 violations for the initial disputes, corresponding to each month of alleged default and the overall assertion of accuracy across three credit bureaus.

   o 48 violations for the reinvestigations with Experian and Equifax, corresponding to each month of alleged default.

   o 2 violations for failing to respond adequately to Plaintiff's direct letters.

3. **Punitive damages** in an amount sufficient to deter Chase and other furnishers from engaging in similar willful misconduct in the future, given the egregious nature of Chase's repeated violations and their disregard for legal obligations.

4. **Actual damages** to compensate Plaintiff for the harm suffered, including:

   o   The significant drop in Plaintiff's credit score and the resulting loss of access to credit and higher interest rates.

   o   The emotional distress, anxiety, and health impacts experienced by Plaintiff due to Chase's continued misreporting.

   o   The hundreds of hours Plaintiff has spent attempting to rectify the inaccurate information and prepare her case, which detracted from her work and personal life.

5. **Injunctive relief** requiring Chase to:

   o   Immediately delete the tradeline in Plaintiff's credit reports with all major credit reporting agencies.

   o   Cease all further reporting of the alleged debt as owed or outstanding.

   o   Notify all credit reporting agencies to which the alleged debt was reported, advising them of the state court's dismissal with prejudice and instructing them to update Plaintiff's credit report accordingly.

6. **Attorneys' fees and costs** associated with this action, as is seen as just and reasonable by the court, to compensate for the extensive resources and efforts expended in seeking redress.

7. **Such other and further relief** as the Court deems just and proper, including any additional remedies that may be warranted based on the findings in this case.

By granting this relief, the Court will not only rectify the harm suffered by Plaintiff but also send a clear message that willful noncompliance with the FCRA and disregard for judicial determinations will not be tolerated.

Respectfully submitted,


By:  */s/ Katrina Bergunder*

Katrina Bergunder

24674 Republic Ave
Oak Park, MI 48237
(773)853-7085
*Pro*
*per*

Dated*: , 2024*


### Index of Appendix and Exhibits

| | |
|---|---|
| Appendix A | **Joint Status Report,** *Bergunder v. JPMorgan Chase Bank, N.A.*, No. 2:23-CV-12886-BAF-EAS, ECF No. 4 (E.D. Mich. Jan. 17, 2024). |
| Exhibit A | Affidavit of Katrina Bergunder |
| Exhibit B | Order Dismissing with Prejudice |
| Exhibit C | TrueStamped copy of Answer in State Case |
| Exhibit D | TrueStamped copy of Notice to Appear for Pre-Trial Conf in State Case for 6/21/22 |
| Exhibit E | TrueStamped copy of Notice to Appear for Pre-Trial Conf FINAL in State Case for 10/25/22 and Pre-Trial Order |
| Exhibit F | TrueStamped copy of Notice to Appear for Pre-Trial Conf FINAL in State Case for 1/10/23 |
| Exhibit G | TrueStamped copy of Notice to Appear for NonJury Trial in State Case for 2/21/23 |
| Exhibit H | TrueStamped copy of Chase Witness List submitted 2/1/23 |

| Exhibit I | TrueStamped copy of Notice of Hearing and Motion to Exclude Witness and Dismiss Case with Prejudice by Bergunder |
|---|---|
| Exhibit J | Transcript of State Trial |
| Exhibit K | 02/21/23 TrueStamped copy of Order to Dismiss with Prejudice |
| Exhibit L | 05/5/23 Email From Experian Confirming Receiving of Dispute |
| Exhibit M | Email From Equifax Confirming Receiving of Dispute |
| Exhibit N | Email From TransUnion Confirming Receiving of Dispute |
| Exhibit O | Experian Results from Dispute |
| Exhibit P | Experian Notifications on Disputes and showing credit score dropping |
| Exhibit Q | Equifax Results from Dispute |
| Exhibit R | TransUnion and Equifax Score Drop from 5/22/23 |
| Exhibit S | First Direct Letter to Chase to Resolve Inaccurate Credit Reporting |
| Exhibit T | 5/17/22 Reinvestigation Request of Experian |
| Exhibit U | 6/05/22 Reinvestigation Request of Equifax |
| Exhibit V | 6/05/22 Reinvestigation Request of TransUnion |
| Exhibit W | 6/05/22 SECOND Direct Letter to Chase to Resolve Inaccurate Credit Reporting After Dismissal with Prejudice |
| Exhibit X | Green Tab and USPS Receipt from 5/17/23 |
| Exhibit Y | Green Tab and USPS Receipt from 6/06/23 |
| Exhibit Z | Experian Reinvestigation Results |
| Exhibit AA | Equifax Reinvestigation Results |
| Exhibit BB | TransUnion Reinvestigation Results |
| Exhibit CC | Letter From Chase to Bergunder |

| Exhibit DD | Second Letter From Chase to Bergunder |
|---|---|
| Exhibit EE | Third Letter From Chase to Bergunder |
| Exhibit FF | Correspondence from Chase to Bergunder |
| Exhibit GG | Another Correspondence from Chase to Bergunder |
| Exhibit HH | Discover Terminates Credit Account with Bergunder due to negative reporting of Chase Account |
| Exhibit II | 8/30/24 Experian Credit Report |
| Exhibit JJ | 8/30/24 Equifax Credit Report |
| Exhibit KK | Patrick Rucker, *A Return to Robo-Signing: JPMorgan Chase* |
| Exhibit LL | Detroit Free Press |
| Exhibit MM | CFPB, Annual Report of Credit and Consumer Reporting Complaints (Jan. 2022) |
| Exhibit NN | CFPB's *In the Matter of Chase Bank, USA, N.A., and Chase BankCard Services, Inc,* Consent Order |
| Exhibit OO | *Grimmer v. Lee*, 310 Mich. App. 95, 872 N.W.2d 725 (Mich. Ct. App. 2015) |

**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Katrina Bergunder,
Plaintiff,                                                     Case No. 23-12886
v.                                                                Hon. Sean F. Cox
JPMorgan Chase Bank, N.A.,
Defendant.

| | |
|---|---|
| Katrina Bergunder<br>24674 Republic Ave<br>Oak Park, MI 48237<br>(773) 853-7085<br>Bergunki@msn.com<br>*Pro Per* | Aimee R. Gibbs (P70522)<br>Davina A. Bridges (P85597)<br>DICKINSON WRIGHT PLLC<br>350 S. Main Street, Suite 300<br>Ann Arbor, MI 48104<br>(734)-623-1653<br>agibbs@dickinsonwright.com<br>dbridges@dickinsonwright.com<br><br>*Attorneys for Defendant JPMorgan<br>Chase Bank, N.A* |

### Statement of Undisputed Facts

1. Congress enacted the Fair Credit Reporting Act to protect consumers from unfair reporting methods while also ensuring that the credit system would retain the accuracy required by the banking system to efficiently allocate credit. 15 U.S.C. § 1681.

2. The FCRA refers to "consumer reporting agencies" - a person or organization that assembles credit reports. *Id.* § 1681a(f) (ie, Equifax, Experian, and TransUnion) - and "furnishers." *Id.* §§ 1681a(f); 1681s-2(a) - who, on the other hand, are people or organizations that give consumer information (furnish it) to those reporting agencies. *Id.* § 1681s-2(a) and furnishers can be creditors (banks, landlords, or anyone else) or third-party debt collectors.

3. Under the FCRA, furnishers have a duty not to furnish information about a consumer to a reporting agency if the furnisher "knows or has reasonable cause to believe" that the

23

information is inaccurate. *Id.* § 1681s-2(a)(1)(A). So, if a furnisher learns that its information is inaccurate, it must notify the reporting agency and stop furnishing the information. *Id.* § 1681s-2(a)(2).

4.  Consumers can dispute the accuracy of the information in their credit reports in one of two ways. Consumers can dispute the accuracy or completeness of information in a credit report (1) directly with the furnisher or (2) indirectly with the credit reporting agency (who then forwards the dispute to the furnisher). *See* 15 U.S.C. § 1681s-2(a)(8) (directing the CFPB to promulgate regulations for direct disputes); 12 C.F.R. § 1022.43; 15 U.S.C. § 1681i(a)(2) (relating to indirect disputes).

5.  Upon receipt of a dispute, the furnisher must conduct a "reasonable investigation" into the information's accuracy. *Id.* § 1681s-2(b). A furnisher's investigation produces one of three outcomes so that afterwards, the furnisher can do one of three things: (1) verify the information as accurate; (2) determine that the information is wrong or incomplete; or (3) determine that the information cannot be verified. 15 U.S.C. § 1681s-2(b)(1)(D)-(E). In the second and third cases, the furnisher must modify or delete the information. *Id.* § 1681(b)(1)(E).

6.  **State Court Decision**: On the date set for trial of February 21, 2023, the 45th District Court of Michigan located at 13600 Oak Park Blvd, Oak Park, MI 48237 dismissed with prejudice a collection lawsuit, CASE NO: 22-00061GC, brought by Chase against Plaintiff, Katrina Bergunder (Exhibit B-K).

7.  **Dismissal with Prejudice**: This dismissal with prejudice serves as an adjudication on the merits, resolving the validity, any alleged liability, and amount of the alleged debt.

8. **Chase's Continued Reporting**: Despite the state court's dismissal with prejudice, Chase continues to report the alleged debt as accurate and complete.

9. Plaintiff sent disputes, reinvestigations, and direct letters to Chase disputing the accuracy of their reporting (Exhibits A, L – Y).

10. Plaintiff sent reinvestigations and direct letters via USPS Certified Mail (Exhibits X, Y).

11. Plaintiff identified inaccurate and incomplete information that Chase provided to the credit reporting agencies (Exhibits A, L – Y).

12. Plaintiff pointed out some facts Chase could have uncovered which would have established that the reported information was, in fact, inaccurate (Exhibits A, L – Y).

13. Chase verified the alleged debt as accurate and complete information  (Exhibit O-R, Z, AA, BB)

14. and, in response to disputes and reinvestigations filed by Plaintiff, added an additional 22-23 months as in default with Experian, Equifax, and TransUnion (Exhibits L - R).

15. **Score Drop**: As a result of Chase adding 22-23 months as in default, Plaintiff's credit score dropped additionally over 30 points with each credit reporting agency (Exhibits P & Q).

16. **Certified Mailings**: Plaintiff sent two certified letters directly to Chase, providing the 45th District Court's Order of Dismissal with Prejudice requesting that Chase correct the inaccurate information (Exhibits S, W).

17. **Liability Defined**: According to **Black's Law Dictionary** (11th ed. 2019), definition of "liability.", liability is defined as:

> Liability: The state of being legally responsible for something, especially a debt or obligation.

18. **Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681s-2 requires** furnisher's, which in this case is Chase, to, amongst other requirements, provide complete and accurate reporting and with an emphasis upon dispute.

19. **Accuracy Defined:** The definition of accuracy, as found in Regulation V, the implementing regulation of FCRA, 12 CFR 1022.41(a):

   "(a) *Accuracy* means that information that a furnisher provides to a consumer reporting agency about an account or other relationship with the consumer correctly:

   (1) Reflects the terms of and liability for the account or other relationship;
   (2) Reflects the consumer's performance and other conduct with respect to the account or other relationship; and
   (3) Identifies the appropriate consumer."

20. In the **Joint Status Report at 3**, *Bergunder v. JPMorgan Chase Bank, N.A.*, No. 2:23-CV-12886-BAF-EAS, ECF No. 4 (E.D. Mich. Jan. 17, 2024). , Chase states Plaintiff has no liability to them over the alleged debt in stating "[the dismissal with prejudice] did not speak to whether Plaintiff owed the money or not; rather, it just barred collection of same via litigation."

21. By Black's definition and Chase's admissions, Plaintiff has no liability to the alleged debt as she is not "legally responsible" for it due to the dismissal with prejudice which "barred collection of same via litigation."

22. **FCRA Violations**: Chase's actions resulted in violations of the FCRA, and 7 failed investigations, as supported by the Affidavit of Katrina Bergunder (Exhibit A):

   o  69 violations for the initial disputes, including each month of alleged default and the overall assertion of accuracy across three credit bureaus.

   o  48 violations for reinvestigations with Experian and Equifax, again including each month of alleged default.

    o   2 violations for failing to respond adequately to the Plaintiff's direct letters.

23. **15 U.S.C. § 1681n(a)(1)(A)**: Provides for statutory damages of $100 to $1,000 for willful violations of the FCRA.

24. There is no genuine dispute, therefore as shown Plaintiff is entitled to judgment as a matter of law.

Respectfully submitted,

**By:  <u>/s/ Katrina Bergunder</u>**

Katrina Bergunder

24674 Republic Ave
Oak Park, MI 48237
(773)853-7085
Dated: September 2, 2024
*Pro per*

**<u>Certificate of Service</u>**

I, Katrina Bergunder, a citizen of Michigan and the United States, hereby certify that on

September 2, 2024 I electronically filed ("e-filed") the PLAINTIFF'S MOTION FOR

SUMMARY JUDGMENT with the Court and served it upon all parties in accordance with the

procedures established by the Court. In addition, a hard copy on one side only and tabbed to

Chambers has been mailed to the courthouse by United States Postal Service.

 I served all parties entitled to notice with the foregoing document by electronic filing and

service to each respective address on September 2, 2024.

**By: <u>/s/ Katrina Bergunder</u>**
Katrina Bergunder
24674 Republic Ave
Oak Park, MI 48237
(773)853-7085
Dated: September 2, 2024
*Pro per*
