# Appendix A:

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KATRINA BERGUNDER,

    Plaintiff,

v

JPMORGAN CHASE BANK, N.A.,

    Defendant.

CASE NO. 2:23-CV-12886-BAF-EAS
HON. BERNARD A. FRIEDMAN

---

| | |
|---|---|
| Adam G. Taub (P48703)<br>ADAM G. TAUB & ASSOCIATES<br>CONSUMER LAW GROUP, PLC<br>17200 West 10 Mile Road, Suite 200<br>Southfield, MI 48075<br>(248) 746-3790<br>adamgtaub@clgplc.net<br><br>*Attorney for Plaintiff* | Aimee R. Gibbs (P70522)<br>Davina A. Bridges (P85597)<br>DICKINSON WRIGHT PLLC<br>350 S. Main Street, Suite 300<br>Ann Arbor, MI 48104<br>(734)-623-1653<br>agibbs@dickinsonwright.com<br>dbridges@dickinsonwright.com<br><br>*Attorneys for Defendant JPMorgan Chase Bank, N.A.* |

---

## Joint Status Report filed pursuant to F.R.Civ.P. 26(f)

1. <u>Related Cases</u>

    There are no related cases.

2. <u>Jurisdiction</u>

1

This Court has federal question jurisdiction as this case is brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

3. Factual Summary

   a. Plaintiff's Claims

Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* by failing to reasonably reinvestigate and remove objectively false information. Specifically, a state court collection lawsuit against the Plaintiff involving the same alleged debt was adjudicated on the merits and dismissed with prejudice. The Defendant continued to report that the Plaintiff owed the debt. Plaintiff notified each of the credit bureaus that she disputed this. In turn, the credit bureaus notified Defendant of the Plaintiff's dispute. Defendant verified the false information and Plaintiff's credit score was adversely affected.

   b. Defenses

The only viable, although meritless, claim Plaintiff asserts against Chase is her FCRA claim. Chase properly set forth in its Answer the application of the FCRA preemption as an affirmative defense to all of Plaintiff's common law claims including her intentional infliction of emotion distress, negligence, defamation, and malicious statutory libel. Sixth Circuit precedent has held that "the FCRA preempts both state statutory and state common law claims." *Scott v.*

2

31

Case 2:23-cv-12886-FKB-EAS ECF No. 14-1, PageID.436 Filed 01/17/24 Page 4 of 6

*First Southern National Bank*, 936 F.3d 509, 521 (6th Cir. 2019). Thus, the only remaining viable claim against Chase is under the FCRA, which also fails because ==the underlying collection case Court Order did not speak to whether Plaintiff owed the money or not; rather, it just barred collection of same via litigation==. The result is similar to an unpaid or unsatisfied debt following the expiration of a statute of limitations. Therefore, the reporting of the unsatisfied balance was not a violation of the FCRA.

4. <u>Amendment of Pleadings</u>

The parties do not believe that any amendments are necessary.

5. <u>Discovery</u>

    a. Summary of Discovery: Discovery will cover all subjects allowable under Rule 26 and will pertain to all subjects reasonably calculated to lead to relevant evidence.

    b. The parties agree that 120 days is sufficient for discovery. As such, the discovery cut-off date would be May 17, 2024.

    c. Rule 26(a)(1) Disclosures: The parties agree that Rule 26(a)(1) disclosures will be exchanged before any written discovery is served. The parties agree that Rule 26(a)(1) disclosures will be made no later February 16, 2024.

d. No changes should be made in the timing, form, limitations or requirement for discovery imposed under the Federal Rules of Civil Procedure.

e. The parties anticipate that there may be privileged or protected materials requested in discovery; if this is the case, the parties may submit a motion for a protective order to the Court if they are unable to stipulate to such an order.

f. The parties will take steps to preserve all discoverable information.

6. Electronic Discovery: The parties agree that electronically stored information is subject to disclosure and is within the scope of discovery; it may be produced in digital format.

7. Possibility of Prompt Settlement

   The attorneys have discussed settlement and it is possible.

8. Consent to Jurisdiction of a United States Magistrate Judge

   The parties consent to such jurisdiction.

9. Trial: This case is to be tried before a jury. Based on what is known at this time, counsel estimate that at trial they may require approximately 2 in-court hours for the presentation of Plaintiff's case, and 3 in-court hours for the presentation of Defendant's case.

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:    /s/ Adam G. Taub
       Adam G. Taub (P48703)
       Attorney for Katrina Bergunder
       17200 West 10 Mile Rd. Suite 200
       Southfield, MI 48075
       Phone:  (248) 746-3790
       Email:   adamgtaub@clgplc.net


/s/ Aimee R. Gibbs
Aimee R. Gibbs (P70522)
DICKINSON WRIGHT PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI  48104
734.623.1653 direct
agibbs@dickinsonwright.com

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

Dated: January 17, 2024

5