## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KATRINA BERGUNDER,

    Plaintiff,                        Case No. 2:23-CV-12886

v                                     Hon. Sean F. Cox

JPMORGAN CHASE BANK, N.A.,

    Defendant.

---

Katrina Bergunder
24674 Republic Ave
Oak Park, MI 48237
(773) 853-7085
Bergunki@msn.com

*In Pro Per*

Aimee R. Gibbs (P70522)
Davina A. Bridges (P85597)
DICKINSON WRIGHT PLLC
200 Ottawa Ave N.W., Suite 9000
Grand Rapids, Michigan 49503
(734) 623-1653
agibbs@dickinsonwright.com
dbridges@dickinsonwright.com

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

---

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its undersigned counsel, and respectfully submits its Response in Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment. Plaintiff's Motion is without merit, misinterprets the Fair Credit Reporting Act ("FCRA"), and relies on an erroneous application of law regarding

the preclusive effect of a dismissal order with prejudice issued in a state collection case.

In support of its Motion, Chase relies on the facts, argument, and case law contained in the accompanying Memorandum in Support of its Response in Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a).

WHEREFORE, for the reasons stated herein, Chase respectfully requests that this Court enter an order: (1) denying Plaintiff's Motion for Summary Judgment; (2) granting Chase's Cross-Motion for Summary Judgment; and (3) granting such other relief as the Court deems appropriate.

Respectfully submitted,

DICKINSON WRIGHT PLLC

*/s/ Davina A. Bridges*
Aimee R. Gibbs (P70522)
Davina A. Bridges (P85597)
DICKINSON WRIGHT PLLC
200 Ottawa Ave N.W., Suite 9000
Grand Rapids, Michigan 49503
(734) 623-1653
agibbs@dickinsonwright.com
dbridges@dickinsonwright.com
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

Dated: September 23, 2024

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KATRINA BERGUNDER,

    Plaintiff,               Case No. 2:23-CV-12886

v                            Hon. Sean F. Cox

JPMORGAN CHASE BANK, N.A.,

    Defendant.

---

| | |
|---|---|
| Katrina Bergunder | Aimee R. Gibbs (P70522) |
| 24674 Republic Ave | Davina A. Bridges (P85597) |
| Oak Park, MI 48237 | DICKINSON WRIGHT PLLC |
| (773) 853-7085 | 200 Ottawa Ave N.W., Suite 9000 |
| Bergunki@msn.com | Grand Rapids, Michigan 49503 |
| | (734) 623-1653 |
| *In Pro Per* | agibbs@dickinsonwright.com |
| | dbridges@dickinsonwright.com |
| | |
| | *Attorneys for Defendant JPMorgan* |
| | *Chase Bank, N.A.* |

---

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMORANDUM IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND <u>CROSS-MOTION FOR SUMMARY JUDGMENT</u>

**STATEMENT OF QUESTIONS PRESENTED**

    i.   Should the Court deny Plaintiff's Motion for Summary Judgment and grant Chase's Cross-Motion for Summary Judgment where there is no genuine dispute as to any material fact that Chase reported factually accurate information to credit reporting agencies regarding the status of Plaintiff's debt?

          Chase answers: Yes

   ii.   Should the Court deny Plaintiff's Motion for Summary Judgment and grant Chase's Cross-Motion for Summary Judgment where there is no genuine dispute as to any material fact that the state court dismissal order cannot serve as the basis for a factual inaccuracy in Chase's reporting and did not extinguish Plaintiff's debt?

          Chase answers: Yes

## MOST APPROPRIATE AUTHORITIES

*Aubert v. Russell Collection Agency, Inc.*, 215 F.Supp.3d 583 (E.D. Mich. 2016)

*Cunningham v. Trans Union, LLC*, 697 F. Supp. 3d 740 (E.D. Ohio 2023)

*Hammoud v. J.J. Marshall & Assoc., Inc.*, No. 22-1083, 2024 WL 2867783 (E.D. Mich. Jun. 6, 2024)

*Hyde v. Trans Union, LLC*, No. 2:21-CV-230, 2023 WL 2816029 (W.D. Mich. Feb. 3, 2023)

*Thompson v. Equifax Info. Servs., LLC*, 441 F. Supp. 3d 533 (E.D. Mich. 2020)

*Wickstrom v. Expe*rian, No. 1:09-cv-591, 2010 WL 2651303 (W.D. Mich. July 1, 2010)

*Williams v. Navy Fed. Credit Union*, No.: 23-11593, 2023 WL 8283606 (E.D. Mich. Nov. 30, 2023)

*Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832 (E.D. Mich. 2010)

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.............................................................................. ii

I.      INTRODUCTION ...........................................................................1

II.     RELEVANT FACTUAL BACKGROUND ....................................1

III.    ARGUMENT...................................................................................5

        A.     Legal Standard.....................................................................5

        B.     Chase Complied With Its Obligations Under The FCRA.....................6

               1.     Chase Reported Factually Correct Information To The Credit
                      Reporting Agencies.....................................................7

               2.     Plaintiff's Legal Dispute Over The Status Of Her Debt Cannot
                      Form The Basis Of A "Factual" Inaccuracy.............................10

               3.     The State Court Dismissal Order With Prejudice Did Not
                      Extinguish The Underlying Debt. ...............................................13

               4.     Chase Conducted Reasonable Investigations. ...........................14

IV.     CONCLUSION..............................................................................16

i

# INDEX OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)................................................5

*Aubert v. Russell Collection Agency, Inc.*, 215 F.Supp.3d 583 (E.D. Mich. 2016) ................................................................................................15

*Barkho v. Homecomings Fin., LLC*, 657 F. Supp. 2d 857 (E.D. Mich. 2009) ..........6

*Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26 (1st Cir. 2010) ..............................10

*Cunningham v. Trans Union, LLC*, 697 F. Supp. 3d 740 (E.D. Ohio 2023)8, 10, 12, 13

*Dacumos v. Toyota Motor Credit Corp.*, 287 F. Supp. 3d 1152 (W. D. Was. 2017) ................................................................................................13, 14

*Dickens v. Trans Union Corp.*, 18 Fed. Appx. 315 (6th Cir.2001) ..........................8

*Hammoud v. J.J. Marshall & Assoc., Inc.*, No. 22-1083, 2024 WL 2867783(E.D. Mich. Jun. 6, 2024) ............................................................12, 13

*Holden v. Holiday Inn Club Vacations, Inc.*, 98 F.4th 1359 (11th Cir. 2024) ........13

*Holland v. Chase Bank USA, N.A.*, 475 F. Supp. 3d 272 (S.D.N.Y. 2020).............10

*Hyde v. Trans Union, LLC*, No. 2:21-CV-230, 2023 WL 2816029 (W.D. Mich. Feb. 3, 2023) ................................................................................8, 10, 12, 13

*Leones v. Rushmore Loan Mgmt. Serv., LLC*, No. 0:17-CV-61266-WPD, 2017 WL 634362 (S.D. Fla. Dec. 11, 2017)..............................................................10

*Mader v. Experian Info. Sols., Inc.,* 56 F.4th 264 (2nd Cir. 2023).........................13

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574 (1986) ...............5

*Okocha v. Trans Union LLC*, No. 08 Civ. 3107 (DLI), 2011 WL 2837594 (E.D.N.Y. Mar. 31, 2011) ................................................................................10

*Pack v. Damon Corp.*, 434 F.3d 810 (6th Cir. 2006) ................................................6

*Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619 (6th Cir. 2018) .........................8

*Schuh v. Am. Express Bank, FSB*, No. 17-24345-Civ-WILLIAMS/TORRES, 2018 WL 3751467 (S.D. Fla. May 3, 2018).................................................13, 14

*Sessa v. TransUnion, LLC*, 74 F.4th 38 (2nd Cir. 2023) ...........................................13

*Shaw v. Equifax Info. Sols., Inc.*, 204 F. Supp. 3d 956 (E.D. Mich. 2016) ...........8, 9

*Thompson v. Equifax Info. Servs., LLC*, 441 F. Supp. 3d 533 (E.D. Mich. 2020) 6, 7, 8, 14

*Wickstrom v. Expe*rian, No. 1:09-cv-591, 2010 WL 2651303 (W.D. Mich. July 1, 2010) .........................................................................................................11, 13

*Williams v. Navy Fed. Credit Union*, No.: 23-11593, 2023 WL 8283606 (E.D. Mich. Nov. 30, 2023) .............................................................................................9

*Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832 (E.D. Mich. 2010) ...........6, 7, 14

**Statutes**

15 U.S.C. § 1681s-2 ...................................................................................................6

15 U.S.C. § 1681s-2(a) & (b).....................................................................................6,7

15 U.S.C. § 1681s-2(c) (1)-(d) ..................................................................................6

**Rules**

Fed. R. Civ. P. 56(a)...................................................................................................5

Fed. R. Civ. P. 56(c)...................................................................................................5

# I.  INTRODUCTION

Plaintiff's motion is premised on the flawed and legally unsupported assertion that an order of dismissal with prejudice in a prior state collection action precludes Chase from reporting her debt as "charged off" to credit reporting agencies ("CRAs"). Plaintiff fails to meet the threshold requirement to maintain a claim under the Fair Credit Reporting Act ("FCRA")—the establishment of a ***factual*** inaccuracy in the reported information. The law is clear as detailed *supra* that Plaintiff's ***legal*** dispute over the status of her debt cannot form the basis of said ***factual*** inaccuracy.

Plaintiff further alleges that Chase failed to conduct a reasonable investigation into her disputes. The undisputed facts establish otherwise. Indeed, upon Chase's receipt of Plaintiff's disputes, it promptly conducted reasonable investigations, confirmed the factually accuracy of the charged off debt, and reported same to Plaintiff and the CRAs.

Thus, the Court should grant Chase's Cross-Motion for Summary Judgment because there is no genuine dispute as to any material fact that Chase's reporting of Plaintiff's charged off debt was factually accurate or that Plaintiff's legal dispute over the debt's status cannot form the basis of an FCRA violation.

# II. RELEVANT FACTUAL BACKGROUND

On September 2, 2003, Plaintiff submitted an application for a revolving line of credit with Chase. (**Exhibit A**, Credit Application). Chase eventually approved

Plaintiff's application and on February 3, 2009, Plaintiff opened a credit account with Chase ending in 7683. Plaintiff last made a payment on the credit account ending in 7683 on November 17, 2020, in the amount of $224.00. (**Exhibit C**, Credit Account Statements, p. 49).

On January 6, 2021, Chase sent Plaintiff a letter informing Plaintiff that her credit card account was 16 or more days past due and requesting that Plaintiff bring her account up to date by paying $476.00 right away, which included the past due amount of $226.00 and the current monthly minimum payment. (**Exhibit B**, January 6, 2021 Past Due Letter to Plaintiff; Ex. C, pp. 41-48). On January 26, 2021, Chase sent Plaintiff another letter informing Plaintiff that her credit card account was 35 or more days past due and requesting that Plaintiff bring her account up to date by paying $745.00 right away, which included the past due amount of $476.00 and the current monthly minimum payment. (**Exhibit D**, January 26, 2021 Past Due Letter to Plaintiff; Ex. C, pp. 49-52).

After several months of non-payment, Chase, on July 8, 2021, sent Plaintiff a letter informing Plaintiff that her credit card account recently charged off and that the full unpaid balance of $9,772.36 was due immediately. (**Exhibit E**, July 8, 2021 Past Due Letter to Plaintiff; Ex. C, pp. 69-72). In that same letter, Chase offered to settle the debt for $4,397.56. (*Id.* at Ex. E). On August 24, 2021, Chase sent Plaintiff another letter informing Plaintiff that it was not too late for Plaintiff to accept

Chase's July 8, 2021 offer to settle the debt. (**Exhibit F**, August 24, 2021 Past Due Letter to Plaintiff). Despite Chase's settlement offer, Plaintiff did not accept or remit payment, and on October 7, 2021, Chase sent Plaintiff a final notice, urging Plaintiff to contact Chase or to mail payment of the full balance owed to Chase. (**Exhibit G**, October 7, 2021 Past Due Letter to Plaintiff). In this letter, Chase also indicated its intent to send Plaintiff's account to a law firm for review. *Id.*

On January 7, 2022, Chase commenced a collection action against Plaintiff in the State of Michigan 45th Judicial District Court to collect the $9,772.36 debt owed by Plaintiff to Chase. (**Exhibit H**, Register of Actions). On February 21, 2023, the district court entered an order dismissing the collection case with prejudice. (**Exhibit I**, Dismissal Order). Plaintiff now attempts to rely on this order to claim that Chase's reporting of her loan as charged off, violates the FCRA. (*See generally*, ECF No. 34). It is undisputed however, that the dismissal order did not address the factual accuracy of the charged off status of the debt. (Ex. I). Rather, the order merely states the "case is dismissed with prejudice." (*Id.*)

On May 22, 2023, Chase received a letter from Plaintiff disputing the accuracy of Chase's reporting of Plaintiff's debt as charged off and the unpaid balance of $9,772.36. (**Exhibit J**, May 17, 2023 Letter to Chase). On May 29, 2023, Chase responded to Plaintiff's letter and confirmed that on June 30, 2021, Plaintiff's account was charged off with a balance of $9,772.36. (**Exhibit K**, May 29, 2023

Letter to Plaintiff). Plaintiff disagreed with Chase's response and requested that it review the documents submitted by Plaintiff again and correct any necessary adjustments. (**Exhibit L**, June 5, 2023 Letter to Chase). On June 18, 2023, Chase responded to Plaintiff's letter and confirmed the factual accuracy of its reporting of the charged off debt with a balance of $9,772.36. (**Exhibit M**, June 18, 2023 Letter to Plaintiff).

Plaintiff also submitted disputes to each of the three major credit reporting agencies, and requests for reconsideration to Experian and Equifax. (**Exhibit N**, Automated Consumer Dispute Verifications; **Exhibit O**, May 17, 2023 Experian Reconsideration Letter; **Exhibit P**, June 5, 2023 Equifax Reconsideration Letter). Upon Chase's receipt of notice from the CRAs of Plaintiff's dispute, Chase submitted the following information to the CRAs: completed Automated Consumer Dispute Verifications ("ACDVs") dated May 16, 2023 with Experian and Equifax; May 24, 2023 with TransUnion; June 7, 2023 with Experian; and June 28, 2023 with Equifax. (Ex. N.). Two of the five ACDVs referenced the collection lawsuit, but characterized its findings and outcomes to an extent not established in the documents provided. (*Id.*). In each instance, Chase, conducted reasonable investigations, reviewed all relevant information provided by the CRAs, and reported the results of the investigation to the CRAs, confirming the factual accuracy of the trade line. (*Id.*) Contrary to Plaintiff's assertions otherwise, Chase did not instruct TransUnion to

delete the trade line, though TransUnion may have done so on its own. (ECF No. 34, PageID.814; Ex. N, pp. 7-9).

For the reasons discussed herein, there is no genuine dispute as to any material fact regarding the factual accuracy of Chase's reporting or that Plaintiff's legal dispute over the debt's status cannot form the basis of her FCRA claims. Accordingly, summary judgment is proper in Chase's favor, and Plaintiff's motion for summary judgment should be denied.

### III.   ARGUMENT

#### A.   Legal Standard

Summary judgment under Fed. R. Civ. P. 56(a) will be granted where there exists no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuine issue of material fact exists where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citations omitted). To that end, the nonmoving party may not rely on mere allegations in her pleadings, but must support her allegations by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. The evidence must be viewed in the light most favorable to the nonmoving party, but a mere scintilla of

evidence "is insufficient to defeat summary judgment." *Pack v. Damon Corp.*, 434 F.3d 810, 814 (6th Cir. 2006).

### B.    Chase Complied With Its Obligations Under The FCRA.

The FCRA places obligations upon furnishers of information to credit reporting agencies.[1] *Barkho v. Homecomings Fin., LLC*, 657 F. Supp. 2d 857, 864 (E.D. Mich. 2009) (internal citations omitted). "The obligations of a furnisher are set forth in 15 U.S.C. § 1681s-2, which provides two general categories of responsibility: (1) a duty to provide consumer reporting agencies with accurate information; and (2) duties to conduct investigations and report any inaccurate information upon notice of a dispute by the consumer." *Id.* (citing 15 U.S.C. § 1681s-2(a) & (b).

Preliminarily, "the duties imposed by 15 U.S.C. § 1681s-2(a) can only be enforced by government agencies and officials." *Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832, 842 (E.D. Mich. 2010) (citing 15 U.S.C. § 1681s-2(c) (1)-(d) ("such violations 'shall be enforced exclusively as provided under section 1681s of this title by the Federal agencies and officials and the State officials identified in 1681s of this title.'")). "Therefore, no private right of action exists under subsection (a)." *Id.*; *Thompson v. Equifax Info. Servs., LLC*, 441 F. Supp. 3d 533, 539 (E.D. Mich. 2020)

---

[1] A furnisher of information is defined as an "'entity … which transmits information concerning a particular debt owed by a particular customer to consumer reporting agencies.'" *Barkho*, 657 F. Supp. 2d at 864.

("consumers are precluded 'from enforcing the requirement that furnishers, under §
1681s-2(a), initially provide complete and accurate consumer information to a
CRA'."). Accordingly, Plaintiff's claim that "Chase violated the FCRA's
requirements for accurate and complete reporting," fails as a matter of law. (ECF
No. 34, PageID.815).

Pursuant to section 1681s-2(b) of the FCRA, "if a CRA provides notice to a
furnisher of information that a consumer disputes the completeness or accuracy of
any information the furnisher provided, the furnisher must (1) conduct an
investigation; (2) review all relevant information provided by the CRA; (3) report
the results of the investigation to the CRA; (4) report any inaccuracies, if they are
found, to all CRAs who may have received the inaccurate information; and (5)
correct any inaccuracies found in the information." *Thompson*, 441 F. Supp. 3d at
539 (citing § 1681s-2(b)(1)(A)-(E)); *see also Yaldu*, 700 F. Supp. 2d at 843 ("a
furnisher of credit information … has no responsibility to investigate a credit dispute
until after it receives notice from a consumer reporting agency.") (Internal citations
and quotation marks omitted).

### 1.   Chase Reported Factually Correct Information To The Credit Reporting Agencies.

To prevail on a claim under § 1681s-2(b), "a plaintiff must meet 'a threshold
showing of inaccuracy or incompleteness in the reporting.'" *Thompson*, 441 F. Supp.
3d at 539 (citing *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 629 (6th Cir.

2018)). Critically, it is Plaintiff's burden to prove the existence of a "***factual***

inaccuracy, not a ***legal*** inaccuracy." *Cunningham v. Trans Union, LLC*, 697 F. Supp.

3d 740, 742 (E.D. Ohio 2023) (some emphasis in original); *Hyde v. Trans Union,*

*LLC*, No. 2:21-CV-230, 2023 WL 2816029, at \*4-5 (W.D. Mich. Feb. 3, 2023).[2]

"[R]eporting is accurate for purposes of the FCRA as long as it is technically

accurate, or accurate on its face." *Shaw v. Equifax Info. Sols., Inc.*, 204 F. Supp. 3d

956, 960 (E.D. Mich. 2016) (citing *Dickens v. Trans Union Corp.*, 18 Fed. Appx.

315, 318 (6th Cir.2001)).

> [A] plaintiff has **failed to carry his initial burden if a court finds that the information contained in a challenged credit report was accurate on its face, or put somewhat differently, "technically accurate."** That is, a credit reporting agency satisfies its duty under section 607(b) if it produces a report that contains factually correct information about a consumer that might nonetheless be misleading or incomplete in some respect.

*Id.* (alterations in original and emphasis added).

Here, Plaintiff fails to meet the "threshold showing of inaccuracy or

incompleteness in the reporting." *See Thompson*, 441 F. Supp. 3d at 539. Indeed, the

undisputed evidence establishes that Chase's reporting of the charged off debt in the

amount of $9,772.36 was factually accurate on its face. (*See generally*, Exs. B-G,

N). Nothing in the court resolution held that this debt did not charge off or ruled that

---

[2] All unpublished opinions and most relevant cases cited herein are attached hereto as **Exhibit Q**.

Plaintiff did not open the credit account ending in 7683. (Ex. I). The information reported clearly reflects the remaining balance on Plaintiff's accounts, confirms that the account has been charged off, and identifies Plaintiff as the debtor. (Ex. N). Accordingly, summary judgment is appropriate in Chase's favor. *See Shaw*, 204 F. Supp. 3d at 961 (granting the defendant's motion for summary judgment on the plaintiff's claims for negligent and willful violation of the FCRA where the credit report for the plaintiff "reflect[ed] the remaining balance on her account, confirm[ed] that the account had been charged off, and identifi[ed] Plaintiff as the responsible customer" because the "undisputed evidence reflect[ed] that there [wa]s no inaccuracy on Plaintiff's Experian credit report."); *Williams v. Navy Fed. Credit Union*, No.: 23-11593, 2023 WL 8283606, at *5 (E.D. Mich. Nov. 30, 2023) (dismissing the plaintiff's FCRA claims where he requested deletion of the negative items in his credit reports, but failed to allege that these negative items were in any way inaccurate); *Thompson*, 441 F. Supp. 3d at 549 (finding that the trade lines at issue were accurate on their face because the reports contained factually correct information about the plaintiff).

Because the undisputed evidence establishes that the trade line information on Plaintiff's credit reports are "technically accurate, or accurate on [their] face," Plaintiff's claim for willful violation of the FCRA must be dismissed. *See Shaw*, 204 F. Supp. 3d at 960.

### 2.     Plaintiff's Legal Dispute Over The Status Of Her Debt Cannot Form The Basis Of A "Factual" Inaccuracy.

Federal courts of appeals and district courts have consistently held that a plaintiff's **legal** challenge to the validity of a debt is insufficient to make a reporting of that debt **factually** incorrect. *See e.g.*, *Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 38 (1st Cir. 2010) ("[A] plaintiff's required showing is ***factual*** inaccuracy, ***rather than the existence of disputed legal questions*** .... Like [consumer reporting agencies], furnishers are 'neither qualified nor obligated' to resolve matters that 'turn[ ] on questions that can only be resolved by a court of law.'") (Emphasis added); *Okocha v. Trans Union LLC*, No. 08 Civ. 3107 (DLI), 2011 WL 2837594, at *5 (E.D.N.Y. Mar. 31, 2011) ("Plaintiff's argument that he did not agree to the terms of the overdraft line of credit is a collateral legal attack on the validity of the debt ... not a factual inaccuracy, and, thus, is insufficient to withstand summary judgment."), aff'd, 488 F. App'x 535 (2d Cir. 2012); *Holland v. Chase Bank USA, N.A.*, 475 F. Supp. 3d 272, 276-77 (S.D.N.Y. 2020); *Cunningham*, 697 F. Supp. 3d at 742 (holding that "claims that a credit report or file contains legal inaccuracies 'are not cognizable under the FCRA.'") (Internal citations omitted); *Hyde*, 2023 WL 2816029, at *4 ("Put simply, inaccuracies that turn on legal disputes are not cognizable under the FCRA.") (internal quotation marks and citation omitted); *Leones v. Rushmore Loan Mgmt. Serv., LLC*, No. 0:17-CV-61266-WPD, 2017 WL 6343622, at *3 (S.D. Fla. Dec. 11, 2017) (finding plaintiff's alleged inaccuracies

were "at best a legal defense to the debt, not a factual inaccuracy in [the furnisher's] reporting," and therefore could not form the basis "for her asserted FCRA claims against a furnisher under § 1681s-2(b)").

Here, Plaintiff's claim of "factual inaccuracy" relies entirely on her claim that "Chase willfully violated the FCRA by continuing to report inaccurate and incomplete information about Plaintiff's alleged debt after the state court had dismissed the underlying case with prejudice on the merits." (ECF No. 34, PageID.812). According to Plaintiff, the state court's "dismissal with prejudice serves as an adjudication on the merits, resolving the validity, any alleged liability, and amount of the alleged debt." (*Id.* at PageID.813). No such findings are apparent on the face of the court records from the collection suit. (Ex. I).  Thus, the meaning of the dismissal and its affect, if any, on the trade line, is entirely ***legal***, not ***factual***, and is plainly insufficient to support Plaintiff's FCRA claim.[3] *See e.g.*, *Wickstrom v. Expe*rian, No. 1:09-cv-591, 2010 WL 2651303 (W.D. Mich. July 1, 2010). In *Wickstrom*, the plaintiff argued that his credit report was factually inaccurate because it showed that a credit card debt was a personal liability rather than a business liability. *Id.* at *3. Although the plaintiff had reached a settlement in state court with the credit card company, that case made no finding as to plaintiff's personal liability

---

[3] In fact, as set forth in Section 3, *supra*, as a matter of law, courts have held that a dismissal with prejudice alone does not extinguish the underlying debt or require the balance due be updated to $0.

on the credit account. *Id.* at \*3. Accordingly, the court held that Defendant's refusal to remove the liability from the plaintiff's personal credit report did not constitute a FCRA violation because "[p]laintiff did not have a right to removal of the debt from his credit report until some court declared that ... plaintiff was not personally liable on the account that he opened." *Id.* at \*5. *See also Hammoud v. J.J. Marshall & Assoc., Inc.*, No. 22-1083, 2024 WL 2867783, at \*5 (E.D. Mich. Jun. 6, 2024) ("the validity of a debt is a legal dispute, resolvable only in the court of law."); *Cunningham*, 697 F. Supp. 3d at 743 ("Here the heart of Plaintiffs' claims is that the Delinquency Information was incorrect because Plaintiffs were not legally obligated to pay the Lease Debt. This dispute is legal, not factual. As a result, Plaintiffs' claims are not cognizable under the FCRA."); *Hyde*, 2023 WL 2816029, at \*1, 5 (where the plaintiff disputed the reporting of his overdue child support payments due to incarceration because the "State of Michigan should have abated his child support payments after [the plaintiff] notified the Wayne County Friend of Court of his inability to pay due to his incarceration," the court found that the plaintiff's "allegations concern[ed] a legal dispute with the State of Michigan, and not a factual inaccuracy in his credit reports that [wa]s actionable under the FCRA.").

Like *Wickstrom*, *Hammoud*, *Cunningham*, and *Hyde*, here Plaintiff also fails to identify any ***factual*** inaccuracy in Chase's reporting; thus, Plaintiff's FCRA claim fails.[4]

### 3.    The State Court Dismissal Order With Prejudice Did Not Extinguish The Underlying Debt.

Federal courts have consistently rejected arguments that a dismissal order with prejudice alone extinguishes the underlying debt. *See e.g.*, *Dacumos v. Toyota Motor Credit Corp.*, 287 F. Supp. 3d 1152, 1157 (W. D. Was. 2017) (where the plaintiff alleged that a dismissal with prejudice of the collection action operated as a judgment on the merits, and therefore extinguished the underlying debt, the court concluded that the order of dismissal did "not preclude [the defendant] from reporting a charged off debt, and d[id] not require it to report a $0 balance."); *Schuh v. Am. Express Bank, FSB*, No. 17-24345-Civ-WILLIAMS/TORRES, 2018 WL 3751467, at *4 (S.D. Fla. May 3, 2018) (where the plaintiff argued that a state court's dismissal order precluded defendant from continuing to report the underlying debt,

---

[4] Federal courts of appeals and district courts have recently moved away from the either/or ***legal*** versus ***factual*** characterization, and moved to "straightforward and readily verifiable inaccuracy" or "objectively and readily verifiable." *See e.g.*, *Hammoud*, 2024 WL 2867783, at *5; *Holden v. Holiday Inn Club Vacations, Inc.*, 98 F.4th 1359, 1368 (11th Cir. 2024), *Sessa v. TransUnion, LLC*, 74 F.4th 38, 40 (2nd Cir. 2023), *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 271 (2nd Cir. 2023). Here, under the "objectively and readily verifiable" approach, Plaintiff's FCRA claim still fails because it is clear that the court order submitted as part pf Plaintiff's disputes, did not void Plaintiff's debt or hold that Plaintiff did not incur it.

the court concluded that the plaintiff's arguments were "misplaced because there [were] no factual inaccuracies cited in the amended complaint, apart from the legal disputes on whether the debt was extinguished or not.").

Here, as in *Dacumos* and *Schuh*, the dismissal order does not extinguish the debt; it merely resolved Chase's ability to recoup the debt via judicial means. Plaintiff has not raised any case law to the contrary and thus fails to establish any *factual* inaccuracy of the reported information, and summary judgement is appropriate in Chase's favor.

### 4. Chase Conducted Reasonable Investigations.

Even if Plaintiff could meet the threshold showing of *factual* accuracy under the FCRA (which she cannot), her claim still fails because the undisputed evidence establishes that upon receipt of notice of Plaintiff's dispute, Chase fully satisfied its obligations to conduct reasonable investigations. *See Thompson*, 441 F. Supp. 3d at 539; *see also Yaldu*, 700 F. Supp. 2d at 843. Indeed, Chase submitted the following to the CRAs: completed ACDVs dated May 16, 2023 with Experian and Equifax; May 24, 2023 with TransUnion; June 7, 2023 with Experian; and June 28, 2023 with Equifax (Ex. N.). In each instance, Chase, conducted reasonable investigations, reviewed all relevant information provided by the CRAs, and reported the results of the investigation to the CRAs, confirming the factual accuracy of the trade line. (*Id.*).

Further, upon receiving the May 22, 2023 letter from Plaintiff disputing the accuracy of the trade line, Chase conducted a reasonable investigation and confirmed the accuracy of the reported information. (Exs. J, K). When Chase received a subsequent letter from Plaintiff disagreeing with the findings of that investigation, Chase conducted yet another investigation that again confirmed the factual accuracy of the reported information, and reported same to Plaintiff. (Exs. L, M).

Thus, Plaintiff's conclusory assertion that Chase's investigation was "unreasonable" because "[w]hile providing some facts and evidence, Chase could have uncovered and establish that the reported information was, in fact, inaccurate or incomplete. Given the ample evidence provided, Chase's conclusion that Plaintiff was liable proves that Chase's investigation was inadequate," (ECF No. 34, PageID.820) lacks merit. The reasonableness of an investigation is not determined by the outcome, but by the process. *See Aubert v. Russell Collection Agency, Inc.*, 215 F.Supp.3d 583, 591 (E.D. Mich. 2016) (where the plaintiff's testimony represented that she only knew the outcome of the investigation, not the process of the investigation, but argued that the furnisher's investigation was unreasonable, the court held "Plaintiff's speculation about the reasonableness of Defendant's investigation is not evidence of same."). The same applies here; Plaintiff's FCRA claim thus fails.

## IV.   <u>CONCLUSION</u>

WHEREFORE, for the reasons stated herein, Chase respectfully requests that this Court enter an order: (1) denying Plaintiff's Motion for Summary Judgment; (2) granting Chase's Cross-Motion for Summary Judgment; and (3) granting such other relief as the Court deems appropriate.

Respectfully submitted,

DICKINSON WRIGHT PLLC

*/s/ Davina A. Bridges*
Aimee R. Gibbs (P70522)
Davina A. Bridges (P85597)
DICKINSON WRIGHT PLLC
200 Ottawa Ave N.W., Suite 9000
Grand Rapids, Michigan 49503
(734) 623-1653
agibbs@dickinsonwright.com
dbridges@dickinsonwright.com
*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

Dated: September 23, 2024

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2024, the foregoing was electronically filed with the Clerk of the Court using the ECF system, which will send notification to all counsel of record.

*/s/ Davina A. Bridges*
Davina A. Bridges (P85597)
200 Ottawa Ave N.W., Suite 9000
Grand Rapids, Michigan 49503
(734) 623-1653
dbridges@dickinsonwright.com
*Attorneys for Defendant JPMorgan*
*Chase Bank, N.A.*

17