## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Katrina Bergunder,
Plaintiff,                                                    Case No. 23-12886
v.                                                            Hon. Sean F. Cox
JPMorgan Chase Bank, N.A.,
Defendant.

| | |
|---|---|
| Katrina Bergunder | Aimee R. Gibbs (P70522) |
| 24674 Republic Ave | Davina A. Bridges (P85597) |
| Oak Park, MI 48237 | DICKINSON WRIGHT PLLC |
| (773) 853-7085 | 350 S. Main Street, Suite 300 |
| Bergunki@msn.com | Ann Arbor, MI 48104 |
| *Pro Per* | (734)-623-1653 |
| | agibbs@dickinsonwright.com |
| | dbridges@dickinsonwright.com |
| | |
| | *Attorneys for Defendant JPMorgan* |
| | *Chase Bank, N.A* |

## PLAINTIFF'S REPLY FOR MOTION FOR SUMMARY JUDGEMENT and RESPONSE TO DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGEMENT

Plaintiff Katrina Bergunder submits this reply to Defendant JPMorgan Chase Bank, N.A.'s

("Chase") response to her motion for summary judgment. In their response, Chase misrepresents

the implications of the state court's dismissal with prejudice and fails to meet their obligations

under the Federal Rules of Civil Procedure.

Respectfully submitted,

**By: */s/ Katrina Bergunder***
Katrina Bergunder
24674 Republic Ave
Oak Park, MI 48237
(773)853-7085
*Pro Per*

Dated: October 7, 2024

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Katrina Bergunder,
Plaintiff,                                          Case No. 23-12886
v.                                                  Hon. Sean F. Cox
JPMorgan Chase Bank, N.A.,
Defendant.

Katrina Bergunder                    Aimee R. Gibbs (P70522)
24674 Republic Ave                   Davina A. Bridges (P85597)
Oak Park, MI 48237                   DICKINSON WRIGHT PLLC
(773) 853-7085                       350 S. Main Street, Suite 300
Bergunki@msn.com                     Ann Arbor, MI 48104
*Pro Per*                            (734)-623-1653
                                     agibbs@dickinsonwright.com
                                     dbridges@dickinsonwright.com

                                     *Attorneys for Defendant JPMorgan
                                     Chase Bank, N.A*

## PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S REPLY FOR MOTION FOR SUMMARY JUDGEMENT and RESPONSE TO DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGEMENT

## TABLE OF CONTENTS

**PLAINTIFF'S REPLY FOR MOTION FOR SUMMARY JUDGEMENT and RESPONSE TO DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGEMENT** ........................... 1

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S REPLY FOR MOTION FOR SUMMARY JUDGEMENT and RESPONSE TO DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGEMENT** ................................................................. 2

TABLE OF CONTENTS ................................................................. 2

TABLE OF AUTHORITIES ................................................................. 3

STAEMENT OF QUESTIONS PRESENTED ................................................................. 5

MOST APPROPRIATE AUTHORITIES ................................................................. 6

I. Introduction and Background ................................................................. 7

II. The State Court Dismissal Order With Prejudice Extinguishes the Debt ........................... 8

III. Chase Failed to Conduct Reasonable Investigations ........................................... 11

2

IV. The Reported Amount Was Challenged, Not Proven ........................................................ 12

V. Failure to Establish a Valid Contract ................................................................. 14

VII. Defendant's Evidence is Inadmissible ................................................................. 17

VIII. Chase Claims They Issued A Credit Card to a Minor ...................................... 18

IX. Uniqueness of the Case ................................................................................... 19

X. Conclusion ........................................................................................................ 20

LIST AND INDEX OF APPENDIXES AND EXHIBITS ........................................ 21

Certificate of Service ............................................................................................. 23

PLAINTIFF'S COUNTER-STATEMENT OF DISPUTED FACTS ........................... 24

NO GENUINE ISSUES OF MATERIAL FACT ................................................... 27

Certificate of Service ............................................................................................. 29

Appendix A-T…………………………………………….…………………...30

Exhibits A-G…………………………………………….…………………...112

## TABLE OF AUTHORITIES

**Cases**

- *Grimmer v. Lee*, 310 Mich. App. 95, 872 N.W.2d 725 (Mich. Ct. App. 2015)

- *Jones v. Aberdeen Proving Ground Federal Credit Union*, Dist. Court, D. Maryland 2022

- *Wilcox v. Servis One, Inc*., Dist. Court, D. Maryland 2020

- *Epps v. Fowler*, 351 SW 3d 862 - Tex: Supreme Court 2011

- *Sheets v. Yamaha Motors Corp*., USA, 891 F. 2d 533 - Court of Appeals, 5th Circuit 1990

- *Peek v. SunTrust Bank, Inc.,* 313 F. Supp. 3d 201 - Dist. Court, Dist. of Columbia 2018

- *Santos v. Healthcare Revenue Recovery Group*, LLC, 90 F. 4th 1144 - Court of Appeals, 11th Circuit 2024

- *Daniel v. Midland Funding, LLC*, Dist. Court, ED Michigan 2016

- *Barr v. Resolution Trust Corp*. ex rel. Sunbelt Federal Savings, 837 S.W.2d 627 (Tex. 1992)

- *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000)

- *Orr v. Bank of Am.,* NT & SA, 285 F.3d 764, 773 (9th Cir. 2002)

- *Franklin v. Dominion Energy Incorporated*, Dist. Court, D. Maryland 2022

- *Bouler v. TransUnion*, LLC, Dist. Court, SD Texas 2019

- *Caruso v. National Recovery Agency*, Dist. Court, SD California 2017 .

**Statutes**

- 15 U.S.C. § 1681i

- 15 U.S.C. § 1692d

- 15 U.S.C. § 1692e(10)

- Mich. Comp. Laws § 445.1851-445.1864 (2024)

- Mich. Comp. Laws § 445.1856(1)(c) (2024)

- Mich. Comp. Laws § 445.1861 (1)(c)

**Rules**

- Federal Rule of Civil Procedure 26(a)

- Federal Rule of Civil Procedure 37(c)(1)

- Federal Rule of Civil Procedure 56(c)(4)

- Federal Rule of Evidence 901(a)

**Other Authorities**

- Michigan Debt Collection Data Dashboard, January Advisors

- Consumer Financial Protection Bureau, Consent Order, File No. 2015-CFPB-0013 (July 8, 2015)

- Michigan Model Civil Jury Instructions (M Civ JI 6.01)

## <u>STAEMENT OF QUESTIONS PRESENTED</u>

☐ Whether Chase's continued reporting of a debt, which was dismissed with prejudice on the merits by the Michigan 45th District Court, constitutes a violation of the Fair Credit Reporting Act (FCRA) by inaccurately reflecting the status of the extinguished debt. **Plaintiff says yes.**

☐ Whether the state court's dismissal with prejudice on the merits acts as an adjudication that extinguishes the underlying debt, thus precluding Chase from further reporting or collecting on the alleged debt. **Plaintiff says yes.**

☐ Whether Chase failed to conduct a reasonable investigation into the accuracy of its reporting obligations under the FCRA, given that the state court dismissed the debt with prejudice on the merits and Chase failed to acknowledge this ruling during investigations and reinvestigations. **Plaintiff says yes.**

☐ Whether Chase violated Rule 26 of the Federal Rules of Civil Procedure by submitting evidence not disclosed during discovery, thereby prejudicing the Plaintiff's ability to review and challenge said evidence. **Plaintiff says yes.**

☐ Whether Chase's submission of unauthenticated documents and exhibits in support of its opposition to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgement violates the Federal Rules of Evidence, making the evidence inadmissible. **Plaintiff says yes.**

☐ Whether Chase's imposition of excessive fees beyond the limits established by Michigan law after violating the Truth in Lending Act (TILA) further invalidates the accuracy of the reported debt. **Plaintiff says yes.**

5

☐   Whether Chase's failure to produce the original contract governing the alleged debt after multiple court orders to do so supports Plaintiff's claim that Chase lacked sufficient evidence to report the debt. **Plaintiff says yes and it supported by the dismissal with prejudice on the merits.**

<u>**MOST APPROPRIATE AUTHORITIES**</u>

**Cases**

- *Grimmer v. Lee,* 310 Mich. App. 95, 872 N.W.2d 725 (Mich. Ct. App. 2015)

- *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000)

- *Jones v. Aberdeen Proving Ground Federal Credit Union*, Dist. Court, D. Maryland 2022

- *Santos v. Healthcare Revenue Recovery Group, LLC*, 90 F. 4th 1144 (11th Cir. 2024)

- *Wilcox v. Servis One, Inc*., Dist. Court, D. Maryland 2020

- *Epps v. Fowler*, 351 SW 3d 862 (Tex. Sup. Ct. 2011)

**Statutes**

- **15 U.S.C. § 1681i** – Fair Credit Reporting Act (FCRA)

- **Truth in Lending Act (TILA)**, 15 U.S.C. § 1601 et seq.

- **MCL § 445.1851 – 445.1864** – Michigan Credit Reform Act

**Rules**

- **Federal Rule of Civil Procedure 26** – Duty to Disclose

- **Federal Rule of Civil Procedure 56(c)(4)** – Affidavits and Declarations

- **Federal Rule of Evidence 901(a)** – Requirement of Authentication

## I. Introduction and Background

Plaintiff Katrina Bergunder submits this reply to Defendant JPMorgan Chase Bank, N.A.'s
("Chase") response to her motion for summary judgment. In their response, Chase misrepresents
the implications of the state court's dismissal with prejudice and fails to meet their obligations
under the Federal Rules of Civil Procedure.

On January 7, 2022, Chase filed a collection lawsuit in Michigan's 45th District Court, seeking
to recover an alleged debt against Katrina Bergunder ("State Court Case"). Bergunder raised
several defenses including fraud, invalid contract, and incorrect amount (*Bergunder v. JPMorgan
Chase Bank, N.A.*, No. 2:23-cv-12886-SFC-EAS, ECF No. 34-4, PageID.850-851,  (E.D. Mich.
Sept. 2, 2024), Appendix A). Throughout the course of the lawsuit, the court demanded that
Chase produce evidence of a valid contract supporting its claim, but Chase failed and refused to
provide sufficient documentation (*Bergunder v. JPMorgan Chase Bank, N.A.*, No. 2:23-cv-
12886-SFC-EAS, ECF No. 34-6, PageID.856-857,  (E.D. Mich. Sept. 2, 2024) and *Bergunder v.
JPMorgan Chase Bank, N.A.*, No. 2:23-cv-12886-SFC-EAS, ECF No. 34-10, PageID.856,  (E.D.
Mich. Sept. 2, 2024) Appendix B & C). The 45th District Court dismissed the case with
prejudice on the merits and at trial on February 21, 2023 (*Bergunder v. JPMorgan Chase Bank,
N.A.*, No. 2:23-cv-12886-SFC-EAS, ECF No. 34-11, PageID.867-871 & ECF 34-12,
PageID.873,  (E.D. Mich. Sept. 2, 2024) Appendix D & E).

Despite the court's ruling, Chase continued to report the alleged debt to credit reporting agencies,
negatively affecting Plaintiff's credit. In response, Plaintiff initiated 3 disputes (*Bergunder v.
JPMorgan Chase Bank, N.A.*, No. 2:23-cv-12886-SFC-EAS, ECF No. 34-13, PageID.875, ECF
No. 34-14, PageID.878,  & ECF 34-15, PageID.881,  (E.D. Mich. Sept. 2, 2024), Appendix F), 3

7

reinvestigation (*Bergunder v. JPMorgan Chase Bank, N.A*., No. 2:23-cv-12886-SFC-EAS, ECF No. 34-21, PageID.910-914, ECF No. 34-22, PageID.916-920,  & ECF 34-23, PageID.922-926, (E.D. Mich. Sept. 2, 2024), Appendix G), and 2 direct letters to Chase regarding the accuracy of the reported debt (*Bergunder v. JPMorgan Chase Bank, N.A*., No. 2:23-cv-12886-SFC-EAS, ECF No. 34-20, PageID.904-908 & ECF No. 34-24, PageID.928-929,  (E.D. Mich. Sept. 2, 2024), Appendix H); but received no satisfactory resolution (*Bergunder v. JPMorgan Chase Bank, N.A*., No. 2:23-cv-12886-SFC-EAS, ECF No. 34-2, PageID.840-844,  (E.D. Mich. Sept. 2, 2024), Appendix I). Chase maintained that its reporting was accurate, despite the state court's dismissal with prejudice on the merits *(Bergunder v. JPMorgan Chase Bank, N.A*., No. 2:23-cv-12886-SFC-EAS, ECF No. 34-16, PageID.883, ECF 34-18, PageID.989, ECF 34-19, PageID.902, ECF 34-27 , PageID.936, ECF 34-28, PageID.945, & ECF 34-29, PageID.951 (E.D. Mich. Sept. 2, 2024), Appendix L-Q). As such, Plaintiff had no other options except to file a complaint in November of 2023.

In September 2024, Plaintiff, now representing herself **pro se**, filed a motion for summary judgment, asserting that Chase's continued reporting of the debt violated the **Fair Credit Reporting Act (FCRA)** due to the state court's dismissal with prejudice which serves as an adjudication on the merits.

## II. The State Court Dismissal Order With Prejudice Extinguishes the Debt

Chase asserts that the dismissal with prejudice does not extinguish the underlying debt. However, the state court's dismissal specifically addressed the merits of the case and determined that there was no valid basis for the debt. A dismissal with prejudice functions as a final adjudication on the merits, leaving no room for Chase to relitigate or assert the validity of the

debts supported by *Grimmer v. Lee,* 310 Mich. App. 95, 872 N.W.2d 725 (Mich. Ct. App. 2015)

(*Bergunder v. JPMorgan Chase Bank, N.A.*, No. 2:23-cv-12886-SFC-EAS, ECF No. 34-44,

PageID.1243-1246, at 2-5 (E.D. Mich. Sept. 2, 2024); Appendix J). Therefore, Chase's

continued reporting of the debt is not only **factually inaccurate** but also a violation of the Fair

Credit Reporting Act (FCRA).

The *Jones v. ABERDEEN PROVING GROUND FEDERAL CREDIT UNION*, Dist. Court, D.

Maryland 2022 case is highly relevant. In The *Jones v. ABERDEEN PROVING GROUND*

*FEDERAL CREDIT UNION*, the court found that once a judgment had been satisfied, the

creditor no longer had the right to pursue the debt or report it as outstanding. Similarly, in my

case, the debt was dismissed with prejudice, which functions as a final judgment. Any attempt by

Chase to continue reporting the debt as unpaid is legally inaccurate, as the debt has been

extinguished through the court's dismissal on the merits with prejudice. This ongoing

misreporting by Chase is a violation of the FCRA, as Chase is reporting false information after

the debt has been legally extinguished..

Furthermore, the decision in *Wilcox v. SERVIS ONE, INC.*, Dist. Court, D. Maryland 2020

reinforces that the dismissal with prejudice represents a final determination that the debt is no

longer owed. It is not merely a procedural resolution; it is a substantive conclusion that

extinguishes the debt. Chase's actions are in direct conflict with the legal finality established by

the state court's order.

The *Epps v. Fowler,* 351 SW 3d 862 - Tex: Supreme Court 2011 decision from the Texas

Supreme Court strengthens this position by clearly distinguishing between dismissals with and

without prejudice. A dismissal with prejudice, as in Plaintiff's case, alters the legal relationship

between the parties and prevents future litigation on the same claims. It extinguishes the

underlying debt, which means that Chase's continued reporting of this debt contradicts the legal outcome. The ruling in *Epps v. Fowler* confirms that a dismissal with prejudice has a res judicata effect, barring any future claims related to the extinguished debt.

Additionally, the case of *Sheets v. Yamaha Motors Corp*., USA, 891 F. 2d 533 - Court of Appeals, 5th Circuit 1990 supports the argument that a dismissal with prejudice constitutes a final judgment on the merits. In my context, this reinforces that the debt has been legally extinguished and should not be reported as valid by Chase. The *Peek v. SunTrust Bank, Inc*., 313 F. Supp. 3d 201 - Dist. Court, Dist. of Columbia 2018 case further emphasizes the principle of res judicata, preventing related claims from being litigated again once a case has been dismissed with prejudice. This principle applies to Chase's actions in continuing to report the extinguished debt.

Moreover, under the FCRA, furnishers like Chase must ensure that the information they report is accurate and complies with reasonable procedures to ensure "maximum possible accuracy." The case of *Santos v. HEALTHCARE REVENUE RECOVERY GROUP, LLC*, 90 F. 4th 1144 - Court of Appeals, 11th Circuit 2024 reinforces that willful violations of the FCRA do not require proof of actual damages for a consumer to recover statutory damages. In of *Santos v. HEALTHCARE REVENUE RECOVERY GROUP, LLC*, the court clarified that consumers can seek damages for willful reporting inaccuracies without needing to show financial harm. Similarly, Chase's willful reporting of the debt, despite the state court's dismissal, constitutes a violation of the FCRA, and Plaintiff is entitled to damages under this standard.

Chase's reliance on *Dacumos v. Toyota Motor Credit Corp*., 287 F. Supp. 3d 1152 - Dist. Court, WD Washington 2017 is misplaced. In *Dacumos v. Toyota Motor Credit Corp*, the dismissal with prejudice occurred after the parties executed the release and settlement agreement, not at

trial and on the merits. My case, like *Jones v. ABERDEEN PROVING GROUND FEDERAL CREDIT UNION* and *Daniel v. MIDLAND FUNDING, LLC*, Dist. Court, ED Michigan 2016, involves a dismissal on the merits, which extinguishes the debt and prevents further action.

### III. Chase Failed to Conduct Reasonable Investigations

Chase's claim that it conducted reasonable investigations into Plaintiff's disputes is directly contradicted by both the FCRA and admissible evidence. The FCRA mandates that furnishers of information, like Chase, conduct thorough and meaningful investigations when disputes are raised. However, Chase's investigations consistently failed to acknowledge the state court's ruling, which dismissed the debt with prejudice on the merits. A reasonable investigation would have accounted for this court decision. Yet, Chase continued reporting the debt as if the dismissal had no bearing on the reported information *(Bergunder v. JPMorgan Chase Bank, N.A.*, No. 2:23-cv-12886-SFC-EAS, ECF No. 34-16, PageID.883, ECF 34-18, PageID.989, ECF 34-19, PageID.902, ECF 34-27 , PageID.936, & ECF 34-28, PageID.945 (E.D. Mich. Sept. 2, 2024), Appendix L-P).

The case of *Daniel v. MIDLAND FUNDING, LLC* highlights that a dismissal with prejudice serves as a final adjudication on the merits, preventing the re-litigation of claims. Chase's continued reporting of the debt, despite the adjudication, demonstrates a failure to conduct a reasonable investigation, violating the FCRA's accuracy standards. *Barr v. Resolution Trust Corp. ex rel. Sunbelt Federal Savings*, 837 S.W.2d 627 (Tex. 1992) further reinforces that once a matter has been adjudicated, all related claims that could have been raised must have been litigated at that time. Chase had ample opportunity to validate the debt during the state court case

but failed to do so. As in . *Barr v. Resolution Trust Corp. ex rel. Sunbelt Federal Savings*, res judicata bars further attempts by Chase to assert the debt's validity.

Furthermore, Chase failed to provide essential documentation requested in Plaintiff's reinvestigation letters (*Bergunder v. JPMorgan Chase Bank, N.A*., No. 2:23-cv-12886-SFC-EAS, on ECF 34-21, PageID910, ECF 34-22, PageID.916, & ECF 34-23, PageID.922, (E.D. Mich. Sept. 2, 2024), Appendix G green highlights). Specifically, Plaintiff <u>requested a description of how the reinvestigation was conducted</u> and documentation, along with the business name, address, and telephone number of the furnisher of information. <u>Chase did not provide this documentation, violating their obligations under the Fair Credit Reporting Act (15 U.S.C. § 1681i)</u> (*Bergunder v. JPMorgan Chase Bank, N.A*., No. 2:23-cv-12886-SFC-EAS, ECF No. 34-27, PageID.936 & ECF No. 34-28, PageID.945,  (E.D. Mich. Sept. 2, 2024), Appendix O & P), further emphasizing that they failed to perform a reasonable investigation.

### IV. The Reported Amount Was Challenged, Not Proven

Chase's continued reporting of an unproven debt defies both legal and procedural standards. In any legal proceeding, the validity of a debt hinges on evidence such as a contract or accurate calculations, none of which Chase provided. The State Court Case required Chase to substantiate the debt but, due to a lack of proof and many more issues, the case was dismissed with prejudice on the merits (*Bergunder v. JPMorgan Chase Bank, N.A*., No. 2:23-cv-12886-SFC-EAS, ECF No. 34-6, PageID.856-857, ECF No. 34-11, PageID. 867-871, & ECF 34-12, PageID.867-871, (E.D. Mich. Sept. 2, 2024), Appendix B, C, & D).

The *Santos v. HEALTHCARE REVENUE RECOVERY GROUP, LLC* case emphasizes that consumer reporting agencies have a duty to ensure accuracy, even in cases involving technical

errors or inaccurate information. Chase's failure to provide accurate and verifiable information about the debt mirrors the willful negligence seen in *Santos v. HEALTHCARE REVENUE RECOVERY GROUP, LLC*, where inaccurate reporting led to statutory damages. Like *Santos v. HEALTHCARE REVENUE RECOVERY GROUP, LLC*, Chase's willful disregard for accuracy entitles me to damages under the FCRA.

Additionally, Chase violated the **Truth in Lending Act (TILA)** by denying me access to full monthly statements after the account went into default. This denial, because of Plaintiff opting for paperless billing, prevented Plaintiff from receiving essential information mandated by law, which constitutes a TILA violation. Without these statements, I was unable to verify critical details including the fraud alerts Plaintiff received, which adds another layer of violation to Chase's misconduct.

Per MCL 445.1862, TILA violations trigger protections under **Michigan State Law** (**Mich. Comp. Laws § § 445.1851 – 445.1864 (2024)** (Exhibit A). **Mich. Comp. Laws § 445.1856(1)(c) (2024)** regulates the types and amounts of fees that can be charged. Under Michigan law: "Late fees cannot exceed $15 or 5% of the installment payment, whichever is greater (**Mich. Comp. Laws § 445.1856(1)(c)**)."

Chase's imposition of fees that exceed these limits is unlawful, and thus the amount reported on Plaintiff's credit report is incorrect and violates state law, further invalidating the accuracy of the debt. MCL 445.1861 (1)(c) holds that each violation holds a "Recover $1,000.00 and actual damages if the alleged violation of this act was committed by a regulated lender for a non-credit card arrangement or $1,500.00 and actual damages if the alleged violation involved any other credit arrangements." While MCL 445.1861(2) states "a regulated lender who violates this act in the extension of credit to a borrower or buyer *shall not recover any interest or other charges in*

13

*connection with the extension of credit*. The borrower or buyer may recover reasonable attorney

fees and court costs for enforcing this subsection or in defending against a cause of action

brought by a regulated lender who has violated this act." From Plaintiff's credit reports, the

amount allegedly owed only ever goes up thus proving that "any interest or other charges" as

mandated by this law was not removed. If "*any interest or other charges in connection with the*

*extension of credit"* was removed from the alleged account, and as Chase claims the account was

opened two decades ago in September of 2003 (a fact Plaintiff does not accept as truth), then

Chase most likely owes Plaintiff.

CFPB (Consumer Financial Protection Bureau, Administrative Proceeding, In the Matter of

Chase Bank, USA, N.A., and Chase BankCard Services, Inc., Consent Order, File No.

2015-CFPB-0013 (July 8, 2015) (Appendix K) found that 9% of the judgements Chase obtained

were greater than what the Consumers legally owed and included error in calculations. These

erroneous amounts were stated in legal documents for debt collection case against Consumers.

Without proper verification, authentication, and evidence – it's possible the account in question

is in that 9% with further miscalculations.


**V. Failure to Establish a Valid Contract**

Throughout the State Court Case proceedings, Chase repeatedly failed to produce the contract

upon which it based its claim. As noted in Plaintiff Bergunder's defense, "The court ordered that

[the contract] be produced. It has not been produced *(Bergunder v. JPMorgan Chase Bank, N.A.*,

No. 2:23-cv-12886-SFC-EAS, ECF No. 34-10, PageID.865, (E.D. Mich. Sept. 2, 2024)

Appendix C)." Despite multiple orders across 3 hearings from the 45th District Court of

14

Michigan, Chase failed to present any documentation that would prove the existence of a valid contract governing the alleged debt.

The *Santos v. HEALTHCARE REVENUE RECOVERY GROUP, LLC* case illustrates how crucial it is for furnishers to maintain accuracy in reporting, particularly when their reporting affects consumers' creditworthiness. Similar to *Santos v. HEALTHCARE REVENUE RECOVERY GROUP, LLC*, where technical errors led to false information being disseminated, Chase's failure to produce a valid contract and its continued reporting of inaccurate debt amounts demonstrate a blatant disregard for its obligations under both federal and state law. This failure not only undermines Chase's legal standing but also proves the inaccuracy of their reporting.

The *Jones v. Aberdeen Proving Ground Federal Credit Union* case highlights the importance of ensuring that debts are accurately reported once a judgment has been satisfied. The **Michigan Model Civil Jury Instructions (M Civ JI 6.01)** provide further guidance on this issue, stating that when a party fails to produce evidence within their control, it can be inferred that such evidence would have been adverse to their position. Chase's inability to produce the contract or supporting documentation or admissible witness suggests that the contract may have contained illegal terms or practices, such as double-cycle billing, illegal fees, incorrect calculations, or non-adherence to the terms of the agreement, reinforcing the conclusion that Chase has no valid nor accurate claim to report the alleged debt.

Finally, *Franklin v. DOMINION ENERGY INCORPORATED*, Dist. Court, D. Maryland 2022 and *Bouler v. TRANS UNION, LLC*, Dist. Court, SD Texas 2019 support the general principle that a dismissal with prejudice extinguishes the underlying debt, preventing it from being pursued or reported. As in *Franklin v. DOMINION ENERGY INCORPORATED*, a final judgment prevents the re-litigation of claims. The *Caruso v. NATIONAL RECOVERY AGENCY*,

Dist. Court, SD California 2017 case also reinforces that a dismissal with prejudice ends any legal obligation and prevents further reporting of the debt.

## VI. Chase's Violation of Rule 26 of the Federal Rules of Civil Procedure

Chase has also violated **Rule 26(a)** of the **Federal Rules of Civil Procedure** by submitting documents in their response to Plaintiff's Motion for Summary Judgment that were not previously disclosed during discovery. Rule 26 mandates that parties provide all relevant documents and evidence they plan to use to support their claims or defenses as part of their initial disclosures. Chase was required to provide Plaintiff with these documents before filing them in their response to her Motion for Summary Judgment. By failing to do so, Chase deprived Plaintiff of the opportunity to review and challenge these documents during the discovery process.

Moreover, Plaintiff did not receive Chase's **witness list**, as required by **Rule 26(a)(1)(A)**, which mandates that parties disclose the identity of individuals likely to have discoverable information that they may use to support their claims or defenses. Chase, however, included a witness list in their court filings without ever disclosing it to Plaintiff in advance. This failure has prejudiced Plaintiff's ability to respond adequately. Under Rule 26, the witness list should have been provided well before it was filed with the court, so that both parties could fairly evaluate and respond.

Furthermore, Chase has ceased communication with Plaintiff since she began representing herself **pro se**, alleging that Plaintiff's "sole purpose is to continue to delay (Exhibit C)" This baseless accusation has resulted in Chase avoiding meaningful communication and further neglecting their discovery obligations. Rule 26 requires open communication and full disclosure, and Chase's actions have violated both the letter and the spirit of the rule.

16

Under **Rule 37(c)(1)**, a party that fails to disclose information or witnesses as required by Rule 26(a) or (e) is **not allowed to use that evidence or witnesses** in support of a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless. Chase has not provided any justification for their failure to disclose these documents or their witness list in advance. This non-disclosure has directly prejudiced Plaintiff, who was unable to address these issues fully in her own summary judgment filings.

Plaintiff respectfully requests that the Court exclude any evidence, documents, or witnesses submitted by Chase in their response to Plaintiff's Motion for Summary Judgment that were not disclosed during discovery, in accordance with **Rule 37(c)(1)**.

## VII. Defendant's Evidence is Inadmissible

In their opposition to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgement, Defendant submitted various documents and exhibits to support their position. However, these documents have not been accompanied by any affidavits or declarations from a witness with personal knowledge who can authenticate or attest to the validity and accuracy of the documents. As such, the evidence provided by Defendant does not meet the admissibility requirements for summary judgment.

Pursuant to **Federal Rule of Civil Procedure 56(c)(4)**, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Additionally, for documents to be considered at the summary judgment stage, they must be properly authenticated. Authentication typically requires an affidavit or declaration

from a custodian of the records or someone with personal knowledge of the documents, attesting to their authenticity and relevance.

**Federal Rule of Evidence 901(a)** also requires that evidence be properly authenticated before it can be admitted. This means the proponent must provide "evidence sufficient to support a finding that the item is what the proponent claims it is."

Here, Defendant failed to submit any supporting affidavit or declaration to authenticate the documents attached to their response. Without such affidavits or declarations, the documents lack the necessary foundation and should be deemed inadmissible. Courts regularly exclude unauthenticated documents in summary judgment motions because such evidence cannot be relied upon to create genuine issues of material fact. As noted by the courts:

- *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000): "Documents supporting or opposing summary judgment must be properly authenticated. The failure to authenticate a document properly precludes its consideration on a motion for summary judgment."

- *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002): "Unauthenticated documents cannot be considered in a motion for summary judgment."

As such, the Defendant's documents, which have not been authenticated or verified through proper declarations or affidavits, are inadmissible and should not be considered by the Court in determining the outcome of this motion.

Plaintiff respectfully requests that the Court **disregard all evidence** submitted by Defendant that lacks proper authentication, including any documents not supported by affidavits or declarations from a competent witness with personal knowledge.

## VIII. Chase Claims They Issued A Credit Card to a Minor

Defendant's statements either reflect false assertions in their "Counter Statement of Disputed Facts" or suggest that they issued a credit card to a minor, which is a violation of the law. In September 2003, Plaintiff was only 15 years old, attending Queen of Peace High School, and legally ineligible to open a credit card account, as the minimum age requirement is 18.

This discrepancy raises serious questions: Is this an instance of poor record-keeping by Chase, or does it suggest further unlawful conduct? Was this document truly created in 2003, or is it a more recent fabrication? How extensive are the issues with Chase's records, and how much more erroneous and incorrect activity might be uncovered? Furthermore, there remains no clear evidence of a valid contract between Plaintiff and Chase. The Defendant's reliance on such unsupported assertions, expecting trust in their attorneys' statements, amounts to hearsay.

## IX. Uniqueness of the Case

What makes this case particularly unique is that few individuals successfully defend themselves in debt collection cases, and even fewer manage to take such cases to trial, let alone secure a dismissal with prejudice on the merits. According to the Justice for All Commission, which was created by the Michigan Supreme Court to evaluate the civil justice system in Michigan, only 2.17% of credit card debt collection cases are dismissed with prejudice in the state of Michigan (Michigan Debt Collection Data Dashboard, January Advisors,

https://januaryadvisors.shinyapps.io/michigan-debt-app/_w_7b5599a3/_w_543a6423/_w_1eb63215/_w_05febedc/_w_a3475c8e/_w_b5514cfc/_w_bab9b140/_w_b091bbbd/_w_ef58b461/ (last visited 10/06/2024).; Exhibit B); there is no statistic on how many were on the merits or even went to trial.

The rarity of Plaintiff's dismissal with prejudice on the merits outcome underscores the significance of this case: Chase not only failed to meet the court's demands for evidence but has also attempted to undermine the finality of the state court's ruling by continuing to report the debt as valid. In a debt collection landscape where creditors often prevail, the state court's ruling in favor of Plaintiff Bergunder is a remarkable and decisive outcome. A fact ignored by Chase in their investigation and reinvestigations – despite having the details of the trial in front of them - as they reported over and over, again and again, seven times that they were correct and accurate.

## X. Conclusion

The State Court decision – which occurred on the merits on the day of trial - was the final decision on the issue or adjudication, so how Chase personally views the alleged debt is irrelevant as Chase's views do not supersede Court's rulings. This case is not an appeal of that ruling, therefore given how humans experience time in a linear fashion, that ruling stands. For the reasons stated, Plaintiff respectfully requests that the Court grant her Motion for Summary Judgment, deny Chase's Cross-Motion for Summary Judgment, and declare that the reporting of the disputed alleged debt is inaccurate and in violation of the FCRA.

**WHEREFORE**, Plaintiff prays for the relief requested in her initial motion, along with any further relief the Court deems just and proper.

Respectfully submitted,

**By: */s/ Katrina Bergunder*** 
Katrina Bergunder 
24674 Republic Ave 
Oak Park, MI 48237 
(773)853-7085 
*Pro Per*

Dated: October 7, 2024

20

### LIST AND INDEX OF APPENDIXES AND EXHIBITS

| | |
|---|---|
| Appendix A | Defenses Raised by Bergunder in State Court Case, ECF No. 34-4; PageID.850-851 |
| Appendix B | 45th District Court PreTrial Order, Ecf 34-6, PageID.856-857 |
| Appendix C | Motion to Dismiss in State Court Case, ECF 34-10, PageID.865 |
| Appendix D | Trial transcript ECF 34-11, PageID.867-871 |
| Appendix E | Truestamped copy of Dismissal with Prejudice Order, ECF34-12, PageID.873 |
| Appendix F | Experian Dispute ECF No.34-13, PageID.875; Equifax Disputes, ECF No. 34-14, PageID.878, Transunion Dispute, ECF No. 34-15, PageID.881 |
| Appendix G | Reinvestigation Requests: Experian ECG No. 34-21, PageID.910-914; Equifax ECF 34-22, PageID.916-920; Transunion ECF No. 34-23, PageID.922-926 |
| Appendix H | Letters to Chase: First ECF No. 34-20, PageID.904-908; Second EFC No. 34-24, PageID.928-929 |
| Appendix I | Affidavit of Katrina Bergunder, ECF No. 34-2, PageID.840-844 |
| Appendix J | *Grimmer v Lee*, ECF No. 34-44, PageID.1243-1246 |
| Appendix K | Consumer Financial Protection Bureau, Administrative Proceeding, I*n the Matter of Chase Ban*k, USA, N.A., and Chase BankCard Services, Inc., **Consent Order,** File No. 2015-CFPB-0013 (July 8, 2015), ECF 34-42, pgid.1211 |
| Appendix L | Experian Dispute Results, ECF No. 34-16, PageID.883 |
| Appendix M | Equifax Dispute Results, ECF No. 34-18, PageID.989 |
| Appendix N | Credit Scores Go Down after Disputes, ECF No. 34-19, PageID.902 |
| Appendix O | Experian Reinvestigation Results, ECF No. 34-27, PageID.936 |
| Appendix P | Equifax Reinvestigation Results, ECF No. 34-28, PageID.945 |
| Appendix Q | TransUnion Reinvestigation Results, ECF No. 34-29, PageID.951 |

| | |
|---|---|
| Appendix R | Equifax Credit Report ECF No.34-37 , PageID.1059-1062 |
| Appendix S | Experian Credit Report, ECF No.34-36, PageID.1016-1018 |
| Appendix T | Experian Dispute Results, ECF No. 34-16, PageID.883-885 |
| Exhibit A | Michigan State Law (Mich. Comp. Laws § § 445.1851 – 445.1864 (2024) |
| Exhibit B | Justice For All Commission Chart |
| Exhibit C | 04/26/2024 Communication from Opposing Counsel |
| Exhibit D | Michigan Model Civil Jury Instructions (M Civ JI 6.01) |
| Exhibit E | *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000) |
| Exhibit F | *Santos v. HEALTHCARE REVENUE RECOVERY GROUP, LLC*, 90 F. 4th 1144 - Court of Appeals, 11th Circuit 2024 |
| Exhibit G | *Jones v. ABERDEEN PROVING GROUND FEDERAL CREDIT UNION*, Dist. Court, D. Maryland 2022 |

Respectfully submitted,

**By:** */s/ Katrina Bergunder*
Katrina Bergunder
24674 Republic Ave
Oak Park, MI 48237
(773)853-7085
*Pro Per*

Dated: October 7, 2024

22

**Certificate of Service**

I, Katrina Bergunder, a citizen of Michigan and the United States, hereby certify that on October

7, 2024 I electronically filed ("e-filed") the **PLAINTIFF'S REPLY FOR MOTION FOR**

**SUMMARY JUDGEMENT and RESPONSE TO DEFENDANT'S CROSS MOTION FOR**

**SUMMARY JUDGEMENT** with the Court and served it upon all parties in accordance with the

procedures established by the Court. In addition, a hard copy on one side only and tabbed to

Chambers has been mailed to the courthouse by United States Postal Service.

 I served all parties entitled to notice with the foregoing document by electronic filing and

service to each respective address on October 7, 2024

**By: */s/ Katrina Bergunder***

Katrina Bergunder

24674 Republic Ave

Oak Park, MI 48237

(773)853-7085

Dated: October 7, 2024                                                                    *Pro Per*

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Katrina Bergunder,
Plaintiff,
               Case No. 23-12886
v.
               Hon. Sean F. Cox
JPMorgan Chase Bank, N.A.,
Defendant.

Katrina Bergunder
24674 Republic Ave
Oak Park, MI 48237
(773) 853-7085
Bergunki@msn.com
*Pro Per*

Aimee R. Gibbs (P70522)
Davina A. Bridges (P85597)
DICKINSON WRIGHT PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734)-623-1653
agibbs@dickinsonwright.com
dbridges@dickinsonwright.com

*Attorneys for Defendant JPMorgan
Chase Bank, N.A*

## PLAINTIFF'S COUNTER-STATEMENT OF DISPUTED FACTS

Plaintiff Katrina Bergunder ("Plaintiff"), appearing pro per, submits its Counter-Statement of

Disputed Facts in response Defendant JPMorgan Chase Bank, N.A. ("Defendant") Statement of

Undisputed Facts, and reattaches her Statement of Material Facts Not in Dispute.

## COUNTER-STATEMENT OF DISPUTED FACTS

1. **Denied.** Defendant's assertions are unsupported by admissible evidence, as they rely on

   documents not disclosed during discovery in violation of Rule 26(a) of the Federal Rules

   of Civil Procedure. Furthermore, the evidence is inadmissible under Rule 56(c)(4) as it

   lacks the necessary affidavits, witness testimony, or proper authentication. Additionally,

   Plaintiff objects to the use of unauthenticated documents and denies any allegation

   suggesting Plaintiff was issued a credit card while legally ineligible as a minor.

24

2-12. **Denied.** Plaintiff objects to all assertions in paragraphs 2 through 12 for the same reasons stated above. Defendant has failed to disclose these documents during discovery, and they are not accompanied by admissible evidence such as sworn affidavits or certifications. Plaintiff also objects to Defendant's reliance on hearsay or unauthenticated documents to support their claims. Furthermore, admissible evidence contradicts these claims including across several different reports marking paid "$0 on 11/17/2020" (ECF No. 34-16, PageID.884; ECF No. 34-36, PageID.1017, ECF No.34-16 PageID.884-885) , the account in question as "paid on time" in December of 2020, a credit limit available for July 2023, August 2023, and October 2023 contradicting the account being "charged off" (ECF No. 34-37, PageID.1060), and the "Delinquency First Reported" as May 2023 (ECF No.34-37, PageID.1062) which would re-age the account resulting in it's negative reporting lasting years longer (*Bergunder v. JPMorgan Chase Bank, N.A*., No. 2:23-cv-12886-SFC-EAS, ECF No.34-37 , PageID.1059-1062, ECF No.34-36, PageID.1016-1018, & ECF No. 34-16, PageID.883-885 (E.D. Mich. Sept. 2, 2024), Appendix R, S, & T).

13. **Denied in part, admitted in part.** Plaintiff acknowledges that a collection action was filed in January 2022 by Chase, but denies any admission of the debt's validity, the amount alleged, or any proper documentation to support the debt was provided to the Court as they ordered.

14-15. **Denied in part, admitted in part.** Plaintiff acknowledges that the case was dismissed with prejudice but denies Defendant's characterization of the dismissal. The dismissal was with prejudice on the merits and at trial, and any attempt to relitigate the debt's validity is precluded by res judicata principles.

16. **Denied.** Plaintiff objects to Defendant's characterization of the court dismissal as merely procedural. The dismissal with prejudice at trial was an adjudication on the merits that settled the validity of the alleged debt; the amount allegedly owed was challenged, other defenses raised, and at trial on the merits the case was dismissed with prejudice (*Bergunder v. JPMorgan Chase Bank, N.A*., No. 2:23-cv-12886-SFC-EAS, ECF No. 34-44, PageID.1243-1246,  (E.D. Mich. Sept. 2, 2024) Appendix A, B, C, D, & E).

17-20. **Denied in part, admitted in part.** Plaintiff disputes Defendant's statements regarding the letters and credit reports, as they have not been authenticated, and there is no proof of certified mail. While Plaintiff did receive correspondence, no admissions regarding the validity of the debt are made.

21-24. **Denied in part, admitted in part.** Plaintiff objects to the evidence submitted by Defendant, which was not disclosed during discovery, in violation of Rule 26(a) of the Federal Rules of Civil Procedure. The chart is inadmissible as it is not supported by any affidavit, witness testimony, or other competent evidence required under Rule 56(c)(4). Plaintiff acknowledges submitting disputes and reinvestigations to the credit reporting agencies but denies any characterization that validates the debt. Furthermore, Chase failed to provide essential documentation requested in Plaintiff's reinvestigation letters. Specifically, Plaintiff underlined requested a description of how the reinvestigation was conducted, documentation, along with the business name, address, and telephone number of the furnisher of information (*Bergunder v. JPMorgan Chase Bank, N.A*., No. 2:23-cv-12886-SFC-EAS, ECF No. 34-21, PageID.910, ECF No. 34-22, PageID.916, & ECF No. 34-23, PageID.922 (E.D. Mich. Sept. 2, 2024), Appendix G highlighted green). Chase did not provide this documentation, violating their obligations under the Fair Credit Reporting

Act (15 U.S.C. § 1681i) (*Bergunder v. JPMorgan Chase Bank, N.A.*, No. 2:23-cv-12886-SFC-EAS, ECF No. 34-27, PageID.936, ECF No. 34-28, PageID.945, & ECF No. 34-29, PageID.951 (E.D. Mich. Sept. 2, 2024), Appendix O & P highlighted green). Therefore, the evidence should not be considered in this summary judgment motion. TransUnion's removal of the tradeline further supports Plaintiff's position that Chase's reporting is inaccurate following the state court's dismissal with prejudice on the merits (*Bergunder v. JPMorgan Chase Bank, N.A.*, No. 2:23-cv-12886-SFC-EAS, ECF No. 34-29, PageID.951 (E.D. Mich. Sept. 2, 2024), Appendix Q).

## <u>NO GENUINE ISSUES OF MATERIAL FACT</u>

Plaintiff contends that there are no genuine issues of material fact that would require resolution at trial. The following facts are undisputed and warrant summary judgment in Plaintiff's favor:

1. **The State Court's dismissal with prejudice extinguished the underlying debt:**

   o The state court's order dismissed the debt collection case with prejudice on the merits, which acts as a final adjudication that extinguishes the alleged debt. This fact is not in genuine dispute and precludes Chase from continuing to report the debt as valid and charged off.

2. **Chase has failed to provide admissible, authenticated evidence of the alleged debt:**

   o Chase has not produced sufficient admissible evidence to substantiate the existence, amount, enforceability of the alleged debt, or satisfaction for dispute and reinvestigation . Chase has failed to authenticate key documents as required by the Federal Rules of Evidence, leaving no genuine issue regarding the lack of evidence to support its claim.

3. **Chase's reporting of the alleged debt violates the Fair Credit Reporting Act:**

   o Chase continued to report the alleged debt as charged off, despite the state court's dismissal with prejudice on the merits. This constitutes a violation of the Fair Credit Reporting Act (FCRA), as Chase's reporting is legally inaccurate in light of the final judgment.

4. **Chase did not conduct a reasonable investigation into Plaintiff's disputes under the FCRA:**

   o Chase failed to conduct a reasonable investigation into Plaintiff's disputes, particularly by disregarding the state court ruling that dismissed the debt with prejudice. The undisputed evidence shows that Chase's investigation was insufficient, which is a violation of the FCRA.

Respectfully submitted,

**By: _/s/ Katrina Bergunder_**

Katrina Bergunder

24674 Republic Ave

Oak Park, MI 48237

(773)853-7085

Dated: October 7, 2024                                             *Pro Per*

<u>**Certificate of Service**</u>

I, Katrina Bergunder, a citizen of Michigan and the United States, hereby certify that on

October 7, 2024 I electronically filed ("e-filed") the **<u>PLAINTIFF'S COUNTER-</u>**

**<u>STATEMENT OF DISPUTED FACTS</u>** with the Court and served it upon all parties in

accordance with the procedures established by the Court. In addition, a hard copy on one side

only and tabbed to Chambers has been mailed to the courthouse by United States Postal

Service.

 I served all parties entitled to notice with the foregoing document by electronic filing and

service to each respective address on October 7, 2024

<u>**By:**</u>  *<u>/s/ Katrina Bergunder</u>*

Katrina Bergunder
24674 Republic Ave
Oak Park, MI 48237
(773)853-7085
*Pro Per*

Dated: October 7, 2024