# Appendix K

is likely to cause Consumers substantial injury that is not reasonably avoidable and if the substantial injury is not outweighed by countervailing benefits to Consumers or competition.

57. Respondents' act and practice of failing to notify Consumers and the courts once it learned that some or all of the evidentiary support for its judgments was based on documents that were falsely sworn was likely to cause substantial injury to Consumers that was not reasonably avoidable or outweighed by any countervailing benefit to Consumers or to competition.

58. Thus Respondents engaged in unfair acts and practices in violation of sections 1036(a)(1)(B) and 1031(c)(1) of the CFPA. 12 U.S.C. § 5536(a)(1)(B) and 5531(c)(1).

### Findings and Conclusions as to Respondents' Miscalculation of Judgments

59. When Respondents filed Debt collection suits against Consumers, their employees and agents made certain errors in calculating the amounts owed. Approximately 9% of the judgments that Respondents obtained against Consumers contained erroneous amounts that were greater than what the Consumers legally owed.

60. These erroneous amounts were stated in documents that Respondents submitted to the court and that formed the basis for the judgments entered against the Consumers.

61. Although Respondents halted collection efforts on these accounts after they became aware of the errors, Respondents' failure to notify Affected Consumers and to move to vacate judgments harmed Consumers who paid or were subject

19