# Exhibit A

## CREDIT REFORM ACT
### Act 162 of 1995

AN ACT to allow certain regulated lenders to charge interest for extensions of credit; to prescribe the powers and duties of certain state agencies and officials; to provide for remedies; and to prescribe penalties.

**History:** 1995, Act 162, Eff. Mar. 28, 1996.

*The People of the State of Michigan enact:*

**445.1851 Short title.**

Sec. 1. This act shall be known and may be cited as the "credit reform act".

**History:** 1995, Act 162, Eff. Mar. 28, 1996.

**Compiler's note:** For transfer of authority, powers, duties, functions, and responsibility of the financial institutions bureau and the commissioner of the financial institutions bureau to the commissioner of the office of financial and insurance services and the office of financial and insurance services by type III transfer, see E.R.O. No. 2000-2, compiled at MCL 445.2003 of the Michigan compiled laws.

**445.1852 Definitions.**

Sec. 2. As used in this act:

(a) "Borrower" means a person who obtains an extension of credit from a regulated lender.

(b) "Commissioner" means the commissioner of the financial institutions bureau of the department of consumer and industry services.

(c) "Credit card arrangement" means an extension of credit that is not secured by real property made to a cardholder of a credit card or charge card issued by a regulated lender under an arrangement that gives to a cardholder the privilege of obtaining credit from the regulated lender or any other person in purchasing or leasing property or services, obtaining credit or loans, or otherwise.

(d) "Credit sale" means an extension of credit for the sale of goods or services by a seller that is subject to the home improvement finance act, Act No. 332 of the Public Acts of 1965, being sections 445.1101 to 445.1431 of the Michigan Compiled Laws, or the motor vehicle sales finance act, Act No. 27 of the Public Acts of the Extra Session of 1950, being sections 492.101 to 492.141 of the Michigan Compiled Laws.

(e) "Depository institution" means a bank, savings and loan association, savings bank, or a credit union chartered under state or federal law which maintains a principal office or branch in this state.

(f) "Excessive fee or charge" means a fee or charge that exceeds the amount allowed in section 6(1), (2), or (3), section 7, or any other applicable law or statute of this state.

(g) "Extension of credit" means a loan or credit sale made by a regulated lender. An extension of credit does not include an extension of credit described in section 501(a)(1) of title V of the depository institutions deregulation and monetary control act of 1980, Public Law 96-221, 12 U.S.C. 1735f-7 nt.

(h) "Person" means an individual, corporation, partnership, association, governmental entity, or any other legal entity.

(i) "Regulated lender" means a depository institution, a licensee under the consumer financial services act, Act No. 161 of the Public Acts of 1988, being sections 487.2051 to 487.2072 of the Michigan Compiled Laws, Act No. 379 of the Public Acts of 1984, being sections 493.101 to 493.114 of the Michigan Compiled Laws, the motor vehicle sales finance act, Act No. 27 of the Public Acts of the Extra Session of 1950, Act No. 125 of the Public Acts of 1981, being sections 493.51 to 493.81 of the Michigan Compiled Laws, or the regulatory loan act of 1963, Act No. 21 of the Public Acts of 1939, being sections 493.1 to 493.26 of the Michigan Compiled Laws, or a seller under the home improvement finance act, Act No. 332 of the Public Acts of 1965.

**History:** 1995, Act 162, Eff. Mar. 28, 1996;—Am. 1996, Act 85, Eff. Mar. 28, 1996;—Am. 1996, Act 419, Imd. Eff. Nov. 22, 1996.

**Compiler's note:** For transfer of authority, powers, duties, functions, and responsibility of the financial institutions bureau and the commissioner of the financial institutions bureau to the commissioner of the office of financial and insurance services and the office of financial and insurance services by type III transfer, see E.R.O. No. 2000-2, compiled at MCL 445.2003 of the Michigan compiled laws.

**445.1853 Scope of act.**

Sec. 3. This act does not authorize a regulated lender to make an extension of credit of a type that is not permitted by the act under which the regulated lender is chartered, organized, licensed, regulated, or otherwise authorized to extend credit.

**History:** 1995, Act 162, Eff. Mar. 28, 1996.

**Compiler's note:** For transfer of authority, powers, duties, functions, and responsibility of the financial institutions bureau and the commissioner of the financial institutions bureau to the commissioner of the office of financial and insurance services and the office of financial and insurance services by type III transfer, see E.R.O. No. 2000-2, compiled at MCL 445.2003 of the Michigan compiled laws.

**445.1854 Charge, collection, and receipt of interest rate or finance charge; maximum rate; computation.**

Sec. 4. (1) Except as provided in subsection (2), a regulated lender may charge, collect, and receive any rate of interest or finance charge for an extension of credit not to exceed 25% per annum.

(2) A depository institution may charge, collect, and receive any rate of interest or finance charge for a credit card arrangement.

(3) Except for a fee or charge provided for in section 6 or 7, in connection with an extension of credit made to an individual for personal, family, or household purposes, the interest or finance charge that is calculated on the principal balance shall be computed only on the basis of the unpaid balance.

History: 1995, Act 162, Eff. Mar. 28, 1996.

Compiler's note: For transfer of authority, powers, duties, functions, and responsibility of the financial institutions bureau and the commissioner of the financial institutions bureau to the commissioner of the office of financial and insurance services and the office of financial and insurance services by type III transfer, see E.R.O. No. 2000-2, compiled at MCL 445.2003 of the Michigan compiled laws.

**445.1855 Credit sale under MCL 445.1101 to 445.1431 or MCL 492.101 to 492.141; written agreement; precomputed interest provision.**

Sec. 5. The written agreement made in connection with a credit sale under the home improvement finance act, Act No. 332 of the Public Acts of 1965, being sections 445.1101 to 445.1431 of the Michigan Compiled Laws, or the motor vehicle sales finance act, Act No. 27 of the Public Acts of the Extra Session of 1950, being sections 492.101 to 492.141 of the Michigan Compiled Laws, may provide for precomputed interest or its equivalent if any rebate due at prepayment in full is computed according to the actuarial method.

History: 1995, Act 162, Eff. Mar. 28, 1996.

Compiler's note: For transfer of authority, powers, duties, functions, and responsibility of the financial institutions bureau and the commissioner of the financial institutions bureau to the commissioner of the office of financial and insurance services and the office of financial and insurance services by type III transfer, see E.R.O. No. 2000-2, compiled at MCL 445.2003 of the Michigan compiled laws.

**445.1856 Regulated lender; authority to charge fee for late payment or dishonored check; fee or charge not considered as interest; excessive fee or charge.**

Sec. 6. (1) Except for depository institutions and as otherwise provided by law, a regulated lender may do any of the following:

(a) Require the borrower to pay a processing fee in connection with making, closing, disbursing, extending, readjusting, or renewing an extension of credit. The processing fee allowed under this subdivision shall not exceed 2% of the amount of the extension of credit.

(b) Charge the borrower a late fee for an installment payment that is received by the regulated lender after the expiration of an agreed-upon grace period following the date on which the payment was due.

(c) A late fee allowed by this subdivision shall not exceed $15.00 or 5% of the installment payment, whichever is greater.

(2) A regulated lender may charge a fee not to exceed $25.00 for a check or other payment instrument that is dishonored because of insufficient funds in the account on which the check or instrument is drawn.

(3) A fee or charge allowed by this section is not considered interest.

(4) A regulated lender shall not require a borrower or buyer to pay an excessive fee or charge.

History: 1995, Act 162, Eff. Mar. 28, 1996.

Compiler's note: For transfer of authority, powers, duties, functions, and responsibility of the financial institutions bureau and the commissioner of the financial institutions bureau to the commissioner of the office of financial and insurance services and the office of financial and insurance services by type III transfer, see E.R.O. No. 2000-2, compiled at MCL 445.2003 of the Michigan compiled laws.

**445.1857 Fees or charges servicing extension of credit; charge, collection, and receipt by depository institution; credit card arrangement fees and charges considered as interest; excessive fee or charge.**

Sec. 7. (1) In addition to the interest or finance charges that are authorized under section 4, a depository institution may charge, collect, and receive from a borrower or buyer all fees and charges that are agreed to or accepted by the borrower or buyer including those relating to making, closing, processing, disbursing, extending, committing to extend, readjusting, renewing, collecting payments upon, or otherwise servicing an extension of credit or any occurrence or transaction related to an extension of credit.

(2) For any credit card arrangement, all fees and charges allowed by this section are considered interest.

(3) A depository institution shall not require a borrower or buyer to pay an excessive fee or charge.

History: 1995, Act 162, Eff. Mar. 28, 1996.

Compiler's note: For transfer of authority, powers, duties, functions, and responsibility of the financial institutions bureau and the

©      *Courtesy of www.legislature.mi.gov*

commissioner of the financial institutions bureau to the commissioner of the office of financial and insurance services and the office of financial and insurance services by type III transfer, see E.R.O. No. 2000-2, compiled at MCL 445.2003 of the Michigan compiled laws.

## 445.1858 Certain provisions in written agreement as void and unenforceable.

Sec. 8. Any of the following provisions contained in a written document made in connection with an extension of credit to an individual for personal, family, or household purposes are void and unenforceable:

(a) A power of attorney to confess a judgment.

(b) Unless otherwise expressly provided for by law, a waiver of a borrower's or buyer's rights under this act.

(c) Except as authorized by this act, an agreement by a borrower or buyer to pay a penalty. Late payment and prepayment charges are not penalties.

**History:** 1995, Act 162, Eff. Mar. 28, 1996.

**Compiler's note:** For transfer of authority, powers, duties, functions, and responsibility of the financial institutions bureau and the commissioner of the financial institutions bureau to the commissioner of the office of financial and insurance services and the office of financial and insurance services by type III transfer, see E.R.O. No. 2000-2, compiled at MCL 445.2003 of the Michigan compiled laws.

## 445.1859 Additional financial services as condition for loan approval prohibited; offer of services; certain transactions or requirements not prohibited; applicability of section to depository institution subject to 12 U.S.C. 1972; definitions.

Sec. 9. (1) A regulated lender shall not require as a condition of approving a loan that the borrower contract for 1 or more additional financial services offered by the regulated lender or a particular service provider designated by the regulated lender.

(2) This section does not preclude a regulated lender from offering a combination of 2 or more services under prices or terms that are more favorable to the borrower than the prices or terms the services would be offered separately.

(3) This section does not prohibit a transaction or requirement that is not prohibited by federal law.

(4) This section does not apply to a requirement by a depository institution subject to 12 U.S.C. 1972 or by an affiliate of 1 or more of such depository institutions.

(5) As used in this section:

(a) "Affiliate" means a person that controls, is controlled by, or is under common control with 1 or more depository institutions.

(b) "Control" means the possession, directly or indirectly, of the power to direct or cause the direction of the management or policies of a person.

**History:** 1995, Act 162, Eff. Mar. 28, 1996.

**Compiler's note:** For transfer of authority, powers, duties, functions, and responsibility of the financial institutions bureau and the commissioner of the financial institutions bureau to the commissioner of the office of financial and insurance services and the office of financial and insurance services by type III transfer, see E.R.O. No. 2000-2, compiled at MCL 445.2003 of the Michigan compiled laws.

## 445.1860 Written complaint alleging violation of act; duty of commissioner.

Sec. 10. Upon receipt of a written complaint alleging a violation of this act by a regulated lender, the commissioner shall do 1 of the following:

(a) Investigate the complaint if the regulated lender is chartered, licensed, or regulated by the commissioner.

(b) If the regulated lender is not subject to the jurisdiction of the commissioner, forward the complaint to the appropriate regulatory or investigatory authority.

**History:** 1995, Act 162, Eff. Mar. 28, 1996.

**Compiler's note:** For transfer of authority, powers, duties, functions, and responsibility of the financial institutions bureau and the commissioner of the financial institutions bureau to the commissioner of the office of financial and insurance services and the office of financial and insurance services by type III transfer, see E.R.O. No. 2000-2, compiled at MCL 445.2003 of the Michigan compiled laws.

## 445.1861 Action by attorney general, prosecuting attorney, or borrower; recovery of interest or other charges; attorney fees and court costs; class action.

Sec. 11. (1) The attorney general, the prosecuting attorney for the county where an alleged violation occurred, or a borrower may bring an action against a regulated lender to do 1 or more of the following:

(a) Obtain a declaratory judgment that a method, act, or practice of a regulated lender is a violation of this act.

(b) Enjoin a regulated lender who is engaging or about to engage in a method, act, or practice that is a violation of this act.

(c) Recover $1,000.00 and actual damages if the alleged violation of this act was committed by a regulated lender for a non-credit card arrangement or $1,500.00 and actual damages if the alleged violation involved

any other credit arrangements.

(d) Recover reasonable attorney fees and the costs in connection with bringing an action under this act if the regulated lender is found to have violated this act.

(e) In an action brought by the attorney general or a county prosecutor, recover a civil fine of not more than $10,000.00 if the regulated lender is found to have willfully and knowingly violated this act and $20,000.00 if the regulated lender is found to have persistently violated this act.

(2) Except for a violation described in section 12, a regulated lender who violates this act in the extension of credit to a borrower or buyer shall not recover any interest or other charges in connection with the extension of credit. The borrower or buyer may recover reasonable attorney fees and court costs for enforcing this subsection or in defending against a cause of action brought by a regulated lender who has violated this act.

(3) The attorney general or a borrower may bring a class action on behalf of persons injured by a violation of this act.

**History:** 1995, Act 162, Eff. Mar. 28, 1996.

**Compiler's note:** For transfer of authority, powers, duties, functions, and responsibility of the financial institutions bureau and the commissioner of the financial institutions bureau to the commissioner of the office of financial and insurance services and the office of financial and insurance services by type III transfer, see E.R.O. No. 2000-2, compiled at MCL 445.2003 of the Michigan compiled laws.

**445.1862 Violation of act; exceptions.**

Sec. 12. (1) A regulated lender is not liable for a violation of this act if the regulated lender has fully complied with the federal truth-in-lending act, Public Law 90-321, 15 U.S.C. 1601 to 1667e and shows that the violation was an unintentional and bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid the error. Examples of a bona fide error include clerical, calculation, computer malfunction, programming, or printing errors. An error in legal judgment with respect to a person's obligations under this act is not a bona fide error.

(2) A regulated lender is not liable for a violation of this act if, within 60 days after discovering the violation and before the institution of an action under section 11, the regulated lender notifies the borrower or buyer of the violation and corrects the violation in a manner that, to the extent it is reasonably possible to do so, restores the borrower or buyer to the position in which the borrower or buyer would have been if the violation had not occurred.

(3) The burden of proving that a violation was an unintentional and bona fide error is on the regulated lender.

**History:** 1995, Act 162, Eff. Mar. 28, 1996.

**Compiler's note:** For transfer of authority, powers, duties, functions, and responsibility of the financial institutions bureau and the commissioner of the financial institutions bureau to the commissioner of the office of financial and insurance services and the office of financial and insurance services by type III transfer, see E.R.O. No. 2000-2, compiled at MCL 445.2003 of the Michigan compiled laws.

**445.1863 Enforcement of other laws not limited.**

Sec. 13. This act does not limit the authority of the commissioner, the attorney general, or a county prosecutor to enforce any law under which a regulated lender is chartered, organized, licensed, regulated, or otherwise authorized to extend credit.

**History:** 1995, Act 162, Eff. Mar. 28, 1996.

**Compiler's note:** For transfer of authority, powers, duties, functions, and responsibility of the financial institutions bureau and the commissioner of the financial institutions bureau to the commissioner of the office of financial and insurance services and the office of financial and insurance services by type III transfer, see E.R.O. No. 2000-2, compiled at MCL 445.2003 of the Michigan compiled laws.

**445.1864 Validity of transactions, rates of interest, fees, or charges.**

Sec. 14. This act does not impair the validity of a transaction, rate of interest, fee, or charge that is otherwise lawful.

**History:** 1995, Act 162, Eff. Mar. 28, 1996.

**Compiler's note:** For transfer of authority, powers, duties, functions, and responsibility of the financial institutions bureau and the commissioner of the financial institutions bureau to the commissioner of the office of financial and insurance services and the office of financial and insurance services by type III transfer, see E.R.O. No. 2000-2, compiled at MCL 445.2003 of the Michigan compiled laws.