UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA BERGUNDER,

    Plaintiff,                                                    Case No. 23-cv-12886

v.

                                                   Hon. Sean F. Cox
JPMORGAN CHASE BANK, N.A.,        United States District Court Judge

    Defendant.
_____/

**<u>OPINION & ORDER GRANTING IN PART AND HOLDING IN ABEYANCE IN PART
DEFENDANT'S MOTION TO STRIKE/ENFORCE (ECF No. 15);
STRIKING AMENDED COMPLAINT (ECF No. 13);
DENYING PLAINTIFF'S MOTION TO DISMISS (ECF No. 18); AND
ORDERING DEFENDANT TO SUBMIT PROPOSED ENFORCEMENT ORDER</u>**

The parties dispute whether they agreed to settle this case and the defendant moves to enforce the parties' alleged settlement agreement. The plaintiff also amended her complaint and the defendant moves to strike that pleading. For her part, the plaintiff moves the Court to dismiss this action without prejudice. These motions were all fully briefed, and the Court rules on them without a hearing. *See* E.D. Mich. L.R. 7.1(f)(2).

## BACKGROUND

Plaintiff Katrina Bergunder filed the complaint in this action through counsel in November 2023. Defendant JP Morgan Chase Bank, N.A. ("Chase") says that its attorney and Bergunder's counsel, Adam Taub, reached an informal (though binding) settlement agreement over email in February 2024. Bergunder has since repudiated the email agreement and refuses to execute a formal settlement agreement.

Taub withdrew from this case after Bergunder refused to sign the formal settlement agreement and Bergunder is now *pro se* in this action. Bergunder subsequently filed an amended complaint in May 2024 without leave of Court or Chase's consent.

1

On June 12, 2024, Chase filed a motion to "enter an order enforcing the settlement reached between the parties on February 14, 2024." (ECF No. 15, PageID.100). Specifically, Chase asks the Court to order "Plaintiff to execute the agreed-to confidential settlement and release" and award it its attorneys' fees. (*Id.* at 101). That motion also asks the Court to strike Bergunder's amended complaint. Later on June 12, 2024, Bergunder moved to dismiss this action without prejudice under Federal Rule of Civil Procedure 41(a)(2).

For the following reasons, the Court grants in part and holds in abeyance in part Chase's motion to strike/enforce and denies Bergunder's motion to dismiss.

## ANALYSIS

### I. Chase's Motion to Strike the Amended Complaint

Chase moves to strike the amended complaint. Under Federal Rule of Civil Procedure 15, a plaintiff may not amend a pleading without leave of Court or the defendant's consent unless: (1) fewer than twenty-one days have elapsed since the plaintiff served the pleading; or (2) fewer than twenty-one days have passed since the defendant filed a responsive pleading or motion under Federal Rule of Civil Procedure 12(b), (e), or (f), whichever is earlier.

Here, Bergunder filed the amended complaint in May 2024 over six months after she filed the complaint. The only responsive pleading or motion that Chase had filed in May 2024 was its answer (which it timely filed within twenty-one days of receiving service of the complaint). Thus, Bergunder could not amend her complaint without first moving to amend, and she did not. *See* E.D. Mich. L.R. 15.1.

The Court shall strike the amended complaint.

### II. Chase's Motion to Enforce the Alleged Settlement Agreement

Chase moves the Court to order Bergunder to sign a formal settlement agreement and award it its attorneys' fees and costs. If the parties concluded a valid and enforceable settlement

2

agreement, then the Court may "enforce" it "through an award of damages or decree of specific performance." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).

To the extent that Chase seeks specific performance of the settlement agreement, it should submit a proposed enforcement order. And such an order cannot *award* Chase its attorneys' fees; it could only *order performance* of the settlement agreement.[1]

To the extent that Chase seeks attorneys' fees as a sanction, it must do so in accordance with this Court's rules. *See* E.D. Mich. L.R. 54.1.2.

### III.   Bergunder's Motion to Dismiss the Amended Complaint

Bergunder moves to dismiss this action without prejudice under Rule 41(a)(2). That rule provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). This Court has discretion to grant Bergunder's motion, but would abuse that discretion if it did so and Chase "would suffer 'plain legal prejudice' as a result . . . , as opposed to facing the mere prospect of a second lawsuit." *Grover ex rel. Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)).

Whether Chase would suffer plain legal prejudice turns on factors such as its "effort and expense of preparation for trial"; Bergunder's "excessive delay and lack of due diligence . . . in prosecuting [this] action"; Bergunder's "insufficient explanation for the need to take a dismissal"; and "whether a motion for summary judgment has been filed." *Id.*

Here, Chase moves the Court to enforce the parties' alleged settlement and dismiss this action with prejudice under this Court's inherent power to enforce agreements to settle cases pending before it. That power permits this Court to "*summarily enforce* settlement agreements

---

[1] Bergunder's performance of the settlement agreement could include her payment of Chase's attorneys' fees, but only if the agreement obligates her to do so.

3

entered into by parties litigant in a pending case" via "entry of *final judgment*." *Kukla v. Nat'l Distillers Prods. Co*, 483 F.2d 619, 621 (6th Cir. 1973) (emphasis added) (quoting *CIA Anon Venezolana De Navegacion v. Harris*, 374 F.2d 22, 36 (5th Cir. 1967)).  In other words, Chase asks the Court to summarily enter judgment in this case.  And that motion was pending when Bergunder moved to dismiss.

Thus, Chase would suffer plain legal prejudice if this case was dismissed without prejudice, and the Court shall deny Bergunder's motion to dismiss.

## CONCLUSION & ORDER

Bergunder improperly amended her complaint.  Chase should submit a proposed enforcement order before the Court determines what, if any, terms of the parties' alleged settlement agreement should be specifically performed.  And Chase would suffer plain legal prejudice if this case were dismissed with prejudice.  Accordingly, it is **ORDERED** that Chase's motion to strike/enforce (ECF No. 15) is **GRANTED IN PART** and **HELD IN ABEYANCE IN PART**.  And Bergunder's motion to dismiss (ECF No. 18) is **DENIED**.

It is further **ORDERED** that Bergunder's amended complaint (ECF No. 13) is **STRUCK** from the record.  Chase shall, on or before **November 14, 2024**, submit a proposed enforcement order pursuant to Rule 12 of this Court's Electronic Filing Policies and Procedures.  And Chase shall furnish a copy of such proposed order to Bergunder and shall attach a certificate of such service to its submission under Rule 12 of this Court's Electronic Filing Policies and Procedures.

**IT IS SO ORDERED.**

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  October 31, 2024

5

I hereby certify that on October 31, 2024, a copy of the foregoing document was served upon counsel and/or parties of record by electronic and/or ordinary mail.

                                                s/ J. McCoy
                                                Case Manager