UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA BERGUNDER,

    Plaintiff,                                                Case No. 23-cv-12886

v.

                                                      Hon. Sean F. Cox
JPMORGAN CHASE BANK, N.A.,          United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER**
**DENYING IN REMAINING PART DEFENDANT'S MOTION TO ENFORCE**
**SETTLEMENT AGREEMENT (ECF No. 15)**

Defendant JP Morgan Chase Bank, N.A. ("Chase") moves to enforce a document that it alleges memorializes its agreement with Plaintiff Katrina Bergunder to settle this civil action. Chase does not come forward with a copy of that document, so the Court cannot enforce that document without an evidentiary hearing. But neither party requests an evidentiary hearing and both parties have since moved for summary judgment on other grounds. So, the Court denies Chase's motion to enforce the parties' alleged settlement agreement.

**BACKGROUND**

Bergunder filed this civil action for damages through counsel Adam Taub in November 2023.[1] Bergunder pled that Chase violated the Fair Credit Reporting Act when it reported inaccurate information about a financial account on her credit report that she had disputed to credit reporting agencies. Then, Taub and later Bergunder herself emailed counsel for Chase about settling this action.

---

[1] These facts are taken from the materials that the parties submitted in connection with Chase's motion to enforce construed in the light most favorable to Bergunder.

1

In January 2024, Taub offered to settle for a cash payment and Chase's counsel, Aimee Gibbs, counteroffered for a lesser settlement amount. On February 14, 2024, Taub responded, "[W]e have a deal," and Gibbs replied, "I'll send a settlement agreement this week." (ECF No. 15-2, PageID.129, 130). The parties then exchanged several versions of a settlement agreement.

Gibbs sent Taub an agreement on February 22, 2024, and a revised agreement on February 26, 2024. After sending the revised agreement, Gibbs stated, "Let me know if you approve and if so, please have your client sign and I will return a counter-signed copy and a check." (ECF No. 15-3, PageID.138). Taub then sent the February 26 agreement to Bergunder. But Bergunder refused to sign that agreement, fired Taub, and began communicating with Chase herself. Bergunder has since been *pro se* in this action.

Bergunder emailed Gibbs on March 25, 2024, "I wanted to reach out to you directly to express my interest in discussing the possibility of a resolution outside of court." (ECF No. 15-5, PageID.156). Another lawyer for Chase, Davina Bridges, emailed Bergunder "the revised settlement agreement . . . as of 3/8/2024" later that day. (*Id.* at 154). The March 25 agreement contained a non-disparagement clause.[2]

Bergunder then called Bridges and complained that the March 25 agreement's non-disparagement clause was too broad. Bridges sent Bergunder a revised agreement on March 26, 2024, and stated, "Chase agreed to narrow the disparagement clause per your concerns." (ECF No. 23-4, PageID.406–07). The March 26 agreement referred to Taub as Bergunder's legal counsel and stated that Chase would make the settlement payment to him.[3]

---

[2] The Court infers that the March 25 agreement contained this language from the parties' emails because the March 25 agreement is not in the record.
[3] Again, the Court infers these details about the March 26 agreement from the parties' emails because the March 26 agreement is not in the record.

Bergunder took issue with the March 26 agreement as well. Bergunder told Bridges that the agreement's "'legal counsel' wording needs to be changed" and that Chase should make the settlement payment to her directly. (*Id.* at 402). Bridges sent Bergunder a revised agreement on April 25, 2024, and stated, "All references to 'counsel' have been replaced with 'former counsel.'" (*Id.* at 401). But Bridges declined to change the language stating that Chase would make the settlement payment to Taub and not to Bergunder directly.

Bergunder refused to sign the April 25 agreement and Chase's motion to enforce followed. Bergunder responds that the parties' settlement agreement never became effective because she never signed a formal agreement. The Court later ordered Chase to submit a proposed decree of specific performance, and Chase did so. Chase's proposed decree makes three findings: (1) "on February 14, 2024, the Parties . . . agreed on the material terms of an agreement to settle the instant action"; (2) "on February 22, 2024, the Parties memorialized the material terms in a written confidential settlement and release agreement (the 'Agreement')"; and (3) "the Agreement was filed" at "[]ECF No. 23." Chase's proposed decree also incorporates the "Agreement" and orders the parties to perform it.[4] The parties have since both moved for summary judgment on other grounds.

Chase's motion to enforce the "Agreement" has been fully briefed and the Court ordered that it would be submitted without oral argument. *See* E.D. Mich. L.R. 7.1(f)(2). Chase's motion also asked the Court to strike a pleading, and the Court granted that request and held the

---

[4] Chase's motion to enforce also sought attorneys' fees, and the Court ordered Chase to explain whether it sought an order compelling Bergunder to perform a contractual obligation to pay its attorneys' fees or whether it sought its attorneys' fees as a sanction. Neither the text of Chase's proposed specific-performance decree nor any document incorporated by that proposed decree addresses attorneys' fees, so the Court presumes that Chase does not seek its attorneys' fees at this time.

3

remainder of the motion in abeyance. The Court now denies the remainder of Chase's motion for the following reasons.

## STANDARD OF REVIEW

This Court may summarily enforce agreements to settle cases pending before it "where no substantial dispute exists regarding the entry into and terms of [the settlement] agreement." *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001). But "an evidentiary hearing is required" before the Court may enforce such an agreement "where facts material to an agreement are disputed." *Id.*

## ANALYSIS

Chase asks the Court to enforce the "Agreement," which Chase defines as a February 22, 2024, memorialization of a settlement agreement that the parties concluded on February 14, 2022. In other words, Chase asks the Court to enforce the document that Gibbs emailed Taub on February 22, 2024. And Chase says that a copy of that document is in the record.[5] However, the document that Chase identifies as the "Agreement" is *not* the document that Gibbs emailed Taub on February 22; it's the document that Bridges emailed Bergunder on April 25, 2024. This is evident from the fact that the "Agreement" identifies Taub as Bergunder's "former counsel."[6]

Chase can't have it both ways. Chase can't argue that the document Gibbs sent Taub on February 22 memorializes the parties' settlement agreement while asking the Court to enforce a different document.[7] Moreover, it is unclear whether, as Bergunder maintains, the parties

---

[5] Chase filed the "Agreement" under seal at ECF No. 23-4.
[6] No copies of the various earlier agreements exchanged by the parties are in the record.
[7] A different conclusion might follow if the document that Bridges sent Taub on April 25 modified the parties' binding and enforceable settlement agreement, but Chase does not make that argument.

4

impliedly agreed that no settlement agreement would become effective unless and until they both executed a formal agreement.

Thus, a substantial dispute exists regarding the entry into and terms of the parties' alleged settlement agreement, which precludes enforcement of that agreement without an evidentiary hearing. The Court declines to hold such a hearing because neither party requests it and both parties have since moved for summary judgment on other grounds. Accordingly, the Court shall not enforce the parties' alleged settlement agreement.

## CONCLUSION & ORDER

Chase fails to come forward with evidence showing that no substantial dispute exists regarding the entry into and terms of the parties' alleged settlement agreement, neither party requests an evidentiary hearing on that alleged settlement agreement and both parties have since moved for summary judgment on other grounds. Accordingly, **IT IS ORDERED** that Chase's motion to enforce the parties alleged settlement agreement (ECF No. 15) is **DENIED** in remaining part.

**IT IS SO ORDERED.**

Dated:  November 27, 2024                                s/Sean F. Cox
                                                         Sean F. Cox
                                                         U. S. District Judge


I hereby certify that on November 27, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                                         s/J. McCoy
                                                         Case Manager

5