UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA BERGUNDER,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.
_____/

Case No. 23-cv-12886

Hon. Sean F. Cox
United States District Court Judge

**OPINION & ORDER**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 34) AND**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 35)**

Plaintiff Katrina Bergunder argues that Defendant JP Morgan Chase Bank, N.A. ("Chase") violated the Fair Credit Reporting Act ("FCRA") when it continued to report a debt she had disputed even though a state court had adjudicated the merits of that debt in her favor. But that state court did *not* adjudicate Bergunder's debt on the merits; that court dismissed an action by Chase to recover Bergunder's debt with prejudice *as a sanction*. And although the state court's judgment likely would be res judicata in a future action by Chase to recover Bergunder's debt, most courts hold that the FCRA does not require creditors to investigate legal issues. Accordingly, Chase did not violate the FCRA by reporting Bergunder's debt as a matter of law and Chase is entitled to summary judgment.

**BACKGROUND**

In 2022 or early 2023, Chase sued Bergunder in Michigan's 45th District Court to recover a debt (the "Account") that Chase alleged Bergunder had failed to pay. The state court

1

scheduled a bench trial for February 2023.[1]  At the start of that trial, the state court asked counsel for Chase whether she was "ready to proceed today," and counsel for Chase responded, "I am not, Your Honor."  (ECF No. 34-11, PageID.869).  The state court replied, "[T]oday is the date and time set for trial.  Plaintiff is unable to proceed.  Case dismissed with prejudice."  (*Id.* at 870).  The state court followed up with a written order on February 21, 2023, which dismissed Chase's action with prejudice "[f]or the reasons stated on the record."  (ECF No. 34-12, PageID.873).

Following its failed action on the Account, Chase reported the Account to the credit reporting agencies ("CRAs").[2]  Specifically, Chase reported that the Account was a credit card that Bergunder had stopped paying in early 2021, and that Chase had charged off an unpaid balance of $9,772.  Bergunder disputed the Account with the CRAs in May 2023, but Chase verified that the information it had reported to the CRAs was accurate.  Bergunder asked the CRAs to reinvestigate and even sent letters directly to Chase, but the Account remains on her credit reports.

This action followed in November 2023.[3]  Bergunder seeks damages for alleged violations of the FCRA by Chase and both parties now move for summary judgment.  The parties' summary-judgment motions have been fully briefed and the Court ordered their

---

[1] The facts recounted here are taken from the materials that Bergunder attached to her motion for summary judgment.  The Court need not and does not examine the proofs that *Chase* attached to *its* motion for summary judgment.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) ("[T]he burden on the . . . party [moving for summary judgment] may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.")

[2] It is unclear whether Chase had reported the Account to any CRAs before its failed action on the Account.

[3] Bergunder was represented by counsel in this case but is now *pro se*.  Bergunder's summary-judgment motion and response to Chase's motion were both filed *pro se*.

2

submission without a hearing. *See* E.D. Mich. L.R. 7.1(f)(2). For the following reasons, the Court denies Bergunder's motion for summary judgment and grants Chase's.

## STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists if, taking the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, 'a reasonable jury could return a verdict for the nonmoving party.'" *DeVore v. Univ. of Ky. Bd. of Trs.*, 118 F.4th 839, 844 (6th Cir. 2024) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## ANALYSIS

Bergunder pled that Chase violated duties imposed by sections 623(a) and (b) of the FCRA, 15 U.S.C. § 1681s–2(a), (b). Chase is entitled to summary judgment on Bergunder's section 623(a) claim because Bergunder has no cause of action to assert that claim. *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012) (holding that the FCRA "expressly precludes consumers from enforcing" section 623(a)). The FCRA does, however, confer a cause of action to recover for violations of section 623(b). *Id.* at 615–16.

As relevant to Bergunder's section 623(b) claim, the FCRA permits individuals to challenge information on their credit reports by disputing such information with the CRA that created the report. 15 U.S.C. § 1681i(a)(1)(A). A CRA that receives such a dispute must notify the entity that furnished the disputed information. § 1681i(a)(2)(A). A furnisher that receives such notice must, per section 623(b), conduct a "reasonable" investigation. *Boggio*, 696 F.3d at 616; *see also* § 1681s–2(b)(1)(A). If the furnisher determines that the disputed information is

3

"inaccurate or incomplete," then section 623(b) additionally requires the furnisher to "modify," "delete," or "permanently block the reporting of that item of information." § 1681s–2(b)(1)(E).

As relevant to the parties' summary-judgment motions, "a threshold showing of inaccuracy or incompleteness is necessary in order to succeed on a [section 623(b)] claim." *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 629 (6th Cir. 2018). The parties agree that Bergunder disputed the Account with CRAs and that Chase received notice of that dispute. The parties also agree that Chase later told the CRAs that Bergunder had never paid $9,772 that she owed on the Account. Bergunder comes forward with evidence from which, she says, every reasonable jury would infer that this information was inaccurate or incomplete. Chase responds that *no* reasonable jury could infer from Bergunder's proofs that this information was inaccurate or incomplete, and therefore that *it* is entitled to summary judgment.[4] The Court agrees with Chase.

Bergunder does not come forward with any evidence showing that she was never $9,772 in arrears on the Account, so she cannot prove that Chase reported inaccurate or incomplete information about the Account at trial. Stated differently, the parties do not genuinely dispute that Chase did not report inaccurate or incomplete information about the Account. Bergunder disagrees for three reasons, none of which are persuasive.

*First*, Bergunder argues that Chase fails to come forward with any admissible evidence showing that it reported *accurate and complete* information about the Account. But Chase need not come forward with such evidence because *Bergunder* must prove that Chase reported *in*accurate or *in*complete information about the Account to prevail, and not the other way around.

---

[4] Chase also offers its own evidence in support of its summary-judgment motion and Bergunder argues that this evidence would be inadmissible at trial. The Court need not and does not resolve this issue. *See supra* note 1.

4

*Second*, Bergunder argues that the state court's judgment in Chase's failed action on the Account adjudicated the merits of her alleged debt to Chase in her favor.  But even if a merits-based adjudication of the Account would show that Chase violated section 623(b) (or would estop Chase from arguing otherwise in this action), the state court dismissed Chase's action on the Account because Chase's counsel was unprepared on the day of trial.  Thus, the state court did not dismiss Chase's action on the Account on the merits; the state court dismissed that action as a sanction.

The fact that the state court dismissed Chase's action on the Account with prejudice does not change this conclusion.  Bergunder disagrees and cites caselaw discussing how "[a] dismissal with prejudice amounts to an adjudication on the merits." *Grimmer v. Lee*, 872 N.W.2d 725, 729 (Mich. Ct. App. 2015) (per curiam) (emphasis omitted).  Bergunder is right, insofar as dismissals with prejudice and merits-based adjudications both generally "bar[] a further action based on the same facts." *Id.*  But that doesn't mean that court's a dismissal of an action with prejudice is dispositive evidence that court adjudicated the action on the merits, nor does it mean that every non-merits-based dismissal with prejudice is merits-based as a matter of law.

*Third*, Bergunder argues that "inaccurate" under section 623(b) has the same meaning that the Consumer Financial Protection Bureau ("CFPB") gave the term in the CFPB's regulations implementing the FCRA.  Those regulations provide in relevant part, "*Accuracy* means that the information that a furnisher provides to a [CRA] about an account . . . correctly . . . [r]eflects the terms of *and liability for* the account." 12 C.F.R. § 1022.41(a)(1) (2024) (second emphasis added).  According to Bergunder, Chase incorrectly reported that she was *liable for* the Account.  Bergunder believes that's true because the state court's judgment in Chase's failed action on the Account would be res judicata in any future

5

action by Chase on the Account. Bergunder concludes that she is not liable for the Account as a matter of law, and therefore that Chase violated the FCRA when it reported otherwise after it received notice of her dispute.

Bergunder effectively argues that information showing a delinquency on a debt is "inaccurate" under section 623(b) if the debtor would have a meritorious affirmative defense in an action by the creditor to recover the debt. Even if Bergunder is right, most courts hold that the reasonable investigation required by section 623(b) does not encompass such legal issues. *See, e.g.*, *Holland v. Chase Bank USA, N.A.*, 475 F. Supp. 3d 272, 276–77 (S.D.N.Y. 2020) (collecting cases and holding that the defendant-furnisher was not required to investigate a debtor's statute-of-limitations defense to a disputed debt). Bergunder does not cite any authority showing that the Court should depart from the majority rule here.[5] Thus, Chase did not violate its obligation to reasonably investigate the Account or to correct its reporting of the Account following that investigation because Chase was not obligated to investigate Bergunder's res judicata defense. So, Chase is also entitled to summary judgment on Bergunder's section 623(b) claim.

In sum, Chase is entitled to summary judgment and Bergunder is not.

## CONCLUSION & ORDER

Bergunder does not come forward with any evidence showing that Chase actionably violated its obligations under the FCRA. Accordingly, **IT IS ORDERED** that Chase's motion for summary judgment is **GRANTED** (ECF No. 35) and Bergunder's motion for summary judgment is **DENIED** (ECF No. 34).

**IT IS SO ORDERED.**

---

[5] Bergunder cites a few cases in response to Chase's summary-judgment motion, but none of them address whether Chase was obligated to investigate Bergunder's res judicata defense.

6

Dated:  November 27, 2024                           s/Sean F. Cox
                                                                                Sean F. Cox
                                                                                U. S. District Judge

I hereby certify that on November 27, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                                                                           s/J. McCoy
                                                                                           Case Manager