UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA BERGUNDER,

     Plaintiff,                                                            Case No. 23-cv-12886

v.

                                      Hon. Sean F. Cox

JPMORGAN CHASE BANK, N.A.,                              United States District Court Judge

     Defendant.
_____/

**ORDER**
**DISMISSING DEFENDANT'S COMPLAINT FOR INTERPLEADER (ECF No. 17)**

In this civil case, Plaintiff Katrina Bergunder seeks damages for alleged violations of the Fair Credit Reporting Act by Defendant JP Morgan Chase Bank, N.A. ("Chase"). Bergunder was initially represented by counsel Adam Taub pursuant to a contingency-fee agreement, and Taub conducted settlement negotiations with Chase. Bergunder later fired Taub and refused to sign any formal settlement agreement. Bergunder has since been *pro se* in this action.

Chase ostensibly believed that it had concluded a valid and binding settlement agreement with Taub because Chase moved to enforce that agreement on June 12, 2024. Cognizant of the fact that Bergunder's and Taub's retainer agreement may have given Taub a charging lien in any settlement proceeds, Chase filed a document entitled "Complaint for Interpleader" that same day.

Chase's interpleader complaint states that Chase brings a claim under Federal Rule of Civil Procedure 22 "so that this Court may declare the rights and legal relations of Chase with respect to the settlement proceeds." (ECF No. 17, PageID.328). Chase's interpleader complaint requests that Chase be permitted to deposit the settlement amount with the Court so that the Court may resolve Taub's lien and that the Court dismiss Chase from this action. Thus, Chase's interpleader complaint seeks to implead the settlement amount and Taub as a defendant.

In two opinions issued on November 27, 2024, the Court declined to enforce the parties' alleged settlement agreement and held that Chase was entitled to summary judgment.  So, Chase's interpleader complaint is moot.  *See Thornton v. S.W. Detroit Hosp.*, 985 F.2d 1131, 1133 (6th Cir. 1990) ("Subject matter jurisdiction may be raised *sua sponte* at any juncture because a federal court lacks authority to hear a case without subject matter jurisdiction.").

Accordingly, **IT IS ORDERED** that Chase's interpleader complaint (ECF No. 17) is **DISMISSED**.

     **IT IS SO ORDERED.**

Dated:  November 27, 2024            s/Sean F. Cox_____
                                        Sean F. Cox
                                        U. S. District Judge

I hereby certify that on November 27, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                        s/J. McCoy_____
                                        Case Manager